## WILLIAMS V. BROWN.

1. **Practice:** PARTIES: REPLEVIN. The objection in an action of replevin to recover property taken in execution by an officer, that the referee, to whom the case was referred, found the officer, after he had gone out of office, entitled to the property, is of no avail when it appears from the record that before judgment the plaintiff in execution was substituted for the officer as defendant, and the recovery was in his name.

2. **Judgment:** JUSTICES OF THE PEACE. Judgments of justices of the peace, like all other proceedings of these inferior tribunals, will be liberally viewed as to form, and not be held void in a collateral proceeding for mere informal defects.

3. **Execution:** VARIANCE. A slight variance in the amount stated in an execution from that stated in the judgment will not vitiate the writ.

4. **Husband and wife:** LIABILITY OF WIFE'S PROPERTY. Personal property of the wife may be taken in execution against the husband, where no notice of the wife's ownership, as provided by statute, has been filed for record, nor notice of any kind given until after the debt was contracted. Notice of the wife's claim, to the officer at the time of the levy, is not sufficient.

*Appeal from Clinton District Court.*

SATURDAY, OCTOBER 23.

REPLEVIN. Plaintiff, a married woman, claims the property (a bay mare) in her own right. Defendant justifies the detention, as constable, under an execution against plaintiff's husband, in favor of one Decker.

In the District Court, to which the case was appealed by the plaintiff, the cause was heard before a referee, who found the facts, and thereon, that the law was with the defendant. Plaintiff's motion to set aside the finding, and for judgment in her favor, was overruled; judgment accordingly, and she appeals to this court.

*Chas. Rich* for the appellant.

*John C. Polley* for the appellee.

Williams v. Brown.

WRIGHT, J.—I. At the final hearing in the District Court, the creditor (Decker) was, without objection, sub-
*1. PRACTICE: parties: replevin.* stituted as defendant, and the judgment was accordingly rendered in his favor, for the balance due on his judgment. In this state of the record the objection of plaintiff that the referee erred in finding that the officer, after he was out of office, was entitled to the possession of the property, is of no avail, for the District Court ordered (and this is the judgment appealed from) the recovery in the name of the party beneficially interested. This was right, and to it there was no objection.

II. The judgment upon which it is claimed the execution issued was rendered by a justice of the peace, and is
*2. JUDGMENT: justices of the peace.* exceedingly brief and informal. It shows, however, a service, an appearance by one of the defendants therein (the husband, Williams), a judgment for about the amount claimed as a balance upon a note, a stay of execution by him, a payment of a part of the debt, and the issuing of the execution, corresponding in date with that under which defendant justifies. In this collateral proceeding, in view of the liberal rules recognized and settled in this State in relation to the judgments of these inferior tribunals, we hold the objection not well taken which insists that there was no judgment, and, hence, no process under which defendant could successfully justify. The more pertinent cases are: *Stowers* v. *Milledge*, 1 Iowa 150; *Moore* v. *Manser*, ib. 47; *Barrett* v. *Garragan*, 16 id. 47; *Finnegan* v. *Manchester*, 12 id. 521. If Williams, one of the defendants therein, had appealed therefrom, he would hardly have claimed nor be allowed to insist that there was no judgment from which to appeal. No more can the plaintiff in this action. It is not void for uncertainty, and it is upon this ground alone it is attacked.

III. There was some slight variance between the judgment and execution. Thus, the judgment was for $94.78.

**3. EXECUTION: variance.** Before execution defendant (the debtor) paid thereon $55. The execution recites a judgment for $96.78, and commanded the officer to make the sum of $48. The names of the parties to the *action*, as contemplated by § 3251 of the Revision, are not stated; but the name of the party *recovering the judgment*, as also against whom recovered, is given. Neither these nor similar defects will vitiate the execution in this action, nor affect its efficiency as a protection to the officers. See *Cooley* v. *Brayton*, 16 Iowa 10; *Dean* v. *Goddard*, 13 id. 292, and cases there cited.

IV. The only other question is, whether upon the facts found, the property was subject to the levy. From these **4. HUSBAND AND WIFE: liability of wife's property.** it appears that the mare was plaintiff's property. Plaintiff had for a number of years prior thereto been the wife of the defendant in execution, and had left the mare in the possession and under the control of her husband, but had not filed notice of her claim or ownership as provided by the statute (ch. 101 Rev). At the time of the levy, plaintiff informed the officer of her ownership — while the husband at the same time advised him that the property belonged to him. The note upon which the action was brought was dated March 7, 1865. The judgment bears date May 11, 1866, and the property was seized by the officer about the 1st of July, 1867.

Referring to what is said in the recent case of *Myers* v. *McDonald*, 27 Iowa, 391, and looking at the language and purpose of § 2502, and kindred sections — remembering that it is fairly inferable from the finding of the referee that the property was in the possession of and under the control of the husband at the time the credit was extended to him; that no notice was filed by the

wife, *of record*, of her ownership at any time; nor notice thereof of any kind given until after the debt was contracted; we say, remembering these things, and the further fact that it does not appear that the officer had notice of the wife's claim before the levy, and we have no difficulty in holding that the property was liable to the writ, nor in ordering that the judgment below be

Affirmed.