## THE STATE OF IOWA *v.* SMITH.

It is the duty of a court so to construe two statutes upon the same subject as that both shall stand, and to give each of them force according to the intention of the legislature; but where they are in conflict, the one last passed, being the latest expression of the legislative will, must prevail. The act entitled "an act to authorize the holding of a special term of the district court in the city of Keokuk, Lee county, Iowa, for the purpose of trying criminals," approved March 23, 1858, is to be regarded as a part of the act entitled "An act to amend an act regulating the terms of the district court in the first judicial district," approved January 19, 1858; and are to be construed as if the legislature had provided: *First.* That the business of the January and February terms shall be continued to April and September; *Second.* But the district judge shall hold a special term within certain days, for the disposition of the criminal business, or the trial of criminals, and for no other purpose.

*Apeal from the Lee District Court.*

TUESDAY, DECEMBER 17.

Defendant was indicted at the September term, 1857, of the Lee district court, at Keokuk, for the crime of larceny. A special term of that court was held in May last, when

defendants moved to strike the cause from the docket. This motion was overruled ; defendant was tried and convicted, and now appeals.   For the other material matters, see opinion of the court.

*C. E. Moss*, for the appellant.

*C. Ben Darwin*, (for the Atty. General), for the State.

WRIGHT, C. J.—The determination of this case involves the construction of chapters 1 and 134, of the laws of 1858, pages 1 and 259.   By section 1, of chapter 1, so much of the act of January 21st, 1857, which fixes the time of holding courts in Des Moines county on the 4th Monday in January, and at Keokuk, in Lee county, on the 2d Monday in February, is repealed.   The second section is as follows :

" All writs, actions, pleas, indictments, recognizances, and motions, made returnable, or by which parties are bound to appear at said terms, shall be returnable to, and valid at, the April and September terms of said courts, respectively, in the same manner, and to the same extent, as the same are returnable to the January and February terms of said courts, respectively ; and all defendants duly summoned to said January and February terms of said courts, shall be held to answer at the April and September terms of said courts, respectively, as if served with notice of said terms, and without further notice."

The first section of chapter 134 gives to the judge of the first judicial district power, and makes it his duty to hold a special term of the district court at Keokuk, at such time as he may deem expedient, between the first day of April and first day of July, *for the trial of criminals, and for that purpose alone.*   This special term was held in May. Defendant claimed that, by the provisions of chapter 1, above referred to, his case was continued to the September term, 1858; that he could not be tried before that time ; and that the cause was improperly upon the docket at said special term.

The court below did not err in overruling defendant's motion. It is our duty, if possible, to so construe these two acts as that they shall both stand, and to give each of them force, according to the intention of the legislature. Chapter 134 being the latest expression of the legislative will, is to prevail, rather than chapter 1, so far as they may conflict. The second act does not *expressly* repeal the first ; so far, therefore, as the first can be said to be repealed, it is, of course, only upon the principle of necessary implication.

May they both stand—both have force and meaning—and, if so, how and what? We understand that the legislative will, as first expressed, was that all actions, criminal as well as civil, pending the February term, should be continued—passed over to the September term. Section two, of the first act, is nothing more than the provision usually found in an act changing the times of holding courts, and was designed to avoid the abatement of the actions and writs pending and returnable to the terms abolished, or postponed. By force of this, all writs, notices, and recognizances, returnable to, or by which parties were bound to appear at, the January and February terms, were to be returnable to, and all actions, pleas, and indictments, were to be valid at, the April and September terms. And such would have been the effect as to all actions, writs, and recognizances, in civil and criminal cases, but for the subsequent act. This subsequent act, in giving a construction to both, may be regarded as a part of the first. And thus considered, it stands as if the legislature had said : *First.* That the business of the January and February terms shall be continued to April and September; but *Second.* The district judge shall hold a special term within certain days for the disposition of the criminal business, or the trial of criminals, and for no other purpose. It would thus occur, that the civil business, or the civil actions, and all writs or notices thereon, would be continued, and be returnable to the September term, while the criminal cases were to be tried at the special term.

It is suggested, however, that there might be a class of cases to which chapter 134 would apply, without including those pending previous to the February term; and if so, to construe that act as applying to, or operating upon, that class, would be more consistent with the language and meaning of the two statutes. And we have been referred to those cases, in which the parties consent to trial—to appeals from justices of the peace, between the two terms—and to those where the offenses were committed, after the previous September term.

It would certainly be a very strained construction, however, to suppose that the legislature provided for this special term, in order to give the parties who might consent thereto, an opportunity for trial. If this class had been in view, it would seem that the legislature would have given the judge power to hold this term, and not have imposed it upon him as a duty. Not only so, but the judge had this power, without this act; for, by section 1570 of the Code, he is given power to call a special term, at any time, for the trial of those causes in which both parties consent.

Then, as to appeals from justices, and persons held to answer for offenses committed prior to the February term, these would be actions and recognizances pending in, and returnable to, that term, as fully, and in the same sense, as if they had been continued from the previous September term ; and as such, would be continued by the provisions of the first act, to the subsequent term in September. And thus, we perceive, that upon no fair hypothesis, could the second statute, even according to the construction of defendant's counsel, now being considered, operate upon any other than those cases arising after the time at which the February term was to be held.

If it had been the intention of the legislature to provide for the calling of a special term to try *such* causes only, or in fact, for any other than the disposition of criminal business generally, it would have been easy to have so provided. The language of the act is, "*for the trial of crimin-*

*als, and for that purpose only.*" Not for the trial of those held to answer at one term, nor those committing offenses before, or after, the term abolished; but for the trial of *all* criminals amenable to the laws within that jurisdiction. We can perceive no reason why the trial of criminals, at this special term, was to be confined to one class more than another. As already suggested, the obvious object of the act was to provide for a criminal term, leaving the civil business to go over to the next September. Any other construction, it seems to us, would do violence to the letter and spirit of the two statutes.

The motion to strike the cause from the docket was, therefore, properly overruled, and the judgment is affirmed.