8   65
90  519

## ALLEN v. NEWBERRY.

The pleadings in a cause, unless the contrary appears, make up the issue, with reference to the right of the plaintiff to recover at the time he commenced his action.

Where a matter of defense arises after the commencement of the action, it cannot be pleaded in bar of the action *generally ;* but if it arises before plea or continuance, it must be pleaded as to the *further maintenance* of the suit; if after plea pleaded, and before replication, or after issue joined, then *puis darrien continuance.*

Allen v. Newberry.

The rule at common law as to the time and manner of pleading, is not changed by the practice under the Code.

Evidence cannot be given of matter arising after the commencement of the action, whether it occurred before or after plea pleaded, unless the foundation has been laid by the proper pleadings.

Where in an action on a promissory note, the answer "denies that the plaintiff holds against him any such notes as are described in his petition," such a denial, without more, relates to the time of commencing the action; and means only that it is denied, that plaintiff holds such notes as are described.

Where in an action on a promisssory note, commenced in the name of the payee, the defendant relies upon the fact, as a defense, that the plaintiff has transferred his interest in the cause of action, he should plead affirmatively that the note was the property of another, naming him, and that such other person was the real party in interest.

Parties cannot make an agreement, before action, in relation to the assignment of a written contract, that shall have the effect of placing upon the record, a plaintiff who has no real interest in the prosecution of the action.

After an action has been commenced, however, the plaintiff may sell and dispose of the judgment he may recover, without investing the person purchasing it, with the legal interest to the *chose in action;* and under such an assignment, it would be improper for the court to substitute the holder of it as plaintiff in the action, with the power to prosecute in his own name.

Where in an action on four promissory notes, commenced in the name of the payee, before the defendant answered, there was filed with the papers in the cause, an instrument in writing, as follows: "Whereas, I, T. F. A., have commenced a suit in the district court of D. county, to the November Term, 1857, *vs.* S. N., claiming $5,000, as money due me on four promissory notes, on which an attachment has been issued: Now, therefore, in consideration of the sum of $1,500, to me in hand paid by L. N., of the same place, the receipt whereof is hereby acknowledged, I do hereby sell, transfer, and set over to the said L. N., for said consideration, said suit, and the claim, &c., and all the interest which I have in and to the same, and any judgment I may recover in said district court, in said cause; and authorize the said L. N., in my name and stead, to prosecute said suit in my name and stead to final judgment, and receipt for the same to the said S. N.; and generally to do and perform all acts and things in my name, that may be necessary for him to do, to perfect his judgment lien, and to collect the same, against the said S. N. as fully as I myself could do—he at all times acting only for his benefit, and in his behalf; and I hereby, for the consideration aforesaid, authorize the said L. N. to prosecute the said claim, so in my name as aforesaid, but at his costs—hereby covenanting that I will in no event

claim anything that may be recovered in said suit, or that may be obtained in said case against said S. N. Witness my hand, this 12th of October, 1857," and which was signed by the plaintiff; and where the defendant answered, admitting the execution of the notes, and denying "that plaintiff holds against him any such notes as are described in his petition;" and where on the trial of the cause, the plaintiff offered the notes in evidence, on which notes there were no indorsements, and thereupon the defendant called the attention of the court, to the said assignment on file, and asked that the jury be instructed to find for said defendant, on the ground that the said assignment showed that the suit was not prosecuted in the name of the real party in interest; and where the court ruled that judgment could not be rendered in the name of the plaintiff, but that he might amend, by substituting the assignee in his place, and take a continuance of the cause, which the plaintiff declined to do, and the court then instructed the jury to find for the defendant; *Held*, 1. That it was error to instruct the jury to find for the defendant; 2. That the assignment did not invest the assignee with the legal interest in the notes, and was only a transfer of the judgment the assignor expected to recover.

*Appeal from the Dubuque District Court.*

TUESDAY, APRIL 5.

THIS ACTION was commenced in October, 1857. The cause of action is four promissory notes, upon which plaintiff claims the sum of five thousand dollars. The answer was filed November 4, 1857, and admits the execution of the notes. It denies, *first*, that the sum demanded is due from defendant to plaintiff; *second*, "denies that plaintiff holds against him any such notes as are described in his petition;" and *third*, avers payment. After the commencement of the action, and before answer, there was filed with the papers, the following instrument in writing:

"Whereas, I, T. F. Allen, have commenced a suit in the district court of Dubuque county, to the November term, 1857, *v.* Samuel Newberry, claiming five thousand dollars, as money due me on four promissory notes, on which an attachment has been issued. Now, therefore, in consideration of the sum of fifteen hundred dollars, to me in hand paid by Luther Nichols, of the same place, the receipt whereof is hereby acknowledged, I do hereby sell, transfer,

and set over unto said Nichols, for said consideration, said suit, and the claim, &c., and all the interest which I have in and to the same, and any judgment I may recover in said district court in said cause; and authorize the said Nichols, in my name and stead, to prosecute said suit in my name and stead, to final judgment, and receipt for the same to said Newberry; and generally to do and perform all acts and things in my name, that may be necessary for him to do, to perfect his judgment lien, and to collect the same against the said Newberry, as fully as I myself could do, he at all times acting only for his benefit and in his behalf; and I hereby, for the consideration aforesaid, authorize the said Luther Nichols to prosecute said claim so in my name as aforesaid, but at his costs; hereby covenanting that I will, in no event, claim anything that may be recovered in said suit, or that may be obtained in said case against said Newberry. Witness my hand, this 12th of October, 1857."

T. F. ALLEN."

On the trial of the cause, plaintiff introduced the original notes in evidence, which notes were not transferred or indorsed, but appeared to be payable and owing to said Allen. The defendant then called the attention of the court to the paper, a copy of which is given above, and asked that the jury be instructed to find for him, on the ground that the said written instrument showed that the suit was not prosecuted in the name of the real party in interest. The court ruled that judgment could not be rendered in the name of plaintiff, but that he might take leave to amend, by substituting the assignee in his place and stead, and take a continuance of the cause. This, the counsel for plaintiff declined, and the court instructed the jury to find for defendant. Plaintiff excepted, and appeals.

*J. S. Blatchley*, for the appellant.

*W. T. Barker*, for the appellee.

WRIGHT, C. J.—The pleadings in a case, unless the con-

trary appears, make up the issue, with reference to the right of the plaintiff to recover, at the time he commenced his action. If a matter of defense arises after the commencement of the action, it cannot be pleaded in bar of the action generally; but if it arises before plea or continuance, it must be pleaded as to the further maintenance of the suit. If after plea pleaded, and before replication, or after issue joined, then *puis darrien continuance*. This was the rule at common law, and the principle is not changed by our practice. 1 Chitty Pleadings, 695; *Colden* v. *Rich,* 7 Johns., 194; *Cowell* v. *Weston,* 20 *Ib.,* 414. Evidence cannot be given of matter arising after the commencement of the action, whether it occurred before or after plea pleaded, unless the foundation has been laid by proper pleadings. In this case, the matter relied upon, and given in evidence, arose after the suit was commenced, but before defendant answered. He failed to set it up, however, and should not, therefore, have been permitted to rely upon it. It is true that defendant denies that plaintiff holds against him any such notes, as are set out in the petition. This averment, without more, relates to the time of commencing the action; and, at that time, there is no controversy as to who was the real party in interest, whatever may be the subsequent effect of the written agreement. But, aside from this, such an averment would not be sufficient to raise the issue, under which to offer the proposed testimony, if it could be made to relate even to the time of the plea pleaded. Giving the language used a fair and natural construction, and giving to the plaintiff the benefit of any ambiguity, it means only that it is denied that plaintiff holds such notes as are described—the design being to put stress upon the description used, rather than upon the thought that the notes sued on were held by, and had become the property of another. It, if at all, presents the issue in a negative form, when it should have been made by an affirmation, that the notes were the property of another, naming him, and that such other person was the real party in interest. Nor does the fact that the assignment (as it is called),

was found among the papers, make any difference. The issue should have been presented in the proper manner, that all chance for suspicion might be removed. If properly presented, and the plaintiff thus given an opportunity to prepare his case, he may have had much testimony to explain the paper relied upon by defendant. The first that is heard of it, however, is after the testimony is closed, and the court is called upon to instruct the jury. Under such circumstances, we think the instruction should have been refused, and that it was erroneous to direct the jury to find for defendant.

Counsel have directed their argument, however, more particularly to the force and effect of the writing itself, and have considered the instruction as being right or wrong, according to the construction the said writing may receive. We will very briefly examine the case, as thus presented.

Civil actions are to be prosecuted in the name of the real party in interest. Code, section 1676. At law, this means the party having the legal interest; and hence it has been decided, that the holder of a note, not negotiable by delivery, nor assigned, could not sue upon it in his own name, though the real owner of it. *Furwell* v. *Tyler*, 5 Iowa, 536. In that case, there was no pretense that the claim had been assigned, or transferred in writing. In this, there is a writing, and the question is, what effect shall be given to it? It is not denied that a note may be transferred, so as to vest the legal title in the holder, by a separate writing; and that the indorsement or transfer need not be made upon the note itself. And, however made, if complete, so as to vest the title to it in the holder as the legal owner, he must sue in his own name, notwithstanding authority is given in the transfer or indorsement, to sue in the name of the payee or indorser. In such a case, the parties cannot make any agreement that shall have the effect of placing upon the record, a plaintiff who has no further real interest in the prosecution of the action. After an action has been commenced, however, the plaintiff may sell and dispose of the judgment he may recover, without investing the person purchasing it with the

legal interest to the thing in action. Under such an assign-ment, it would be improper to substitute the holder of it as plaintiff, with the power to prosecute in his own name. And taking the writing, made in this case, in all its parts, we are inclined to either give it this latter character, or to conclude that it was not the intention to invest Nichols with the legal title to the notes.

It will be observed that it is nowhere stated that the plaintiff transfers or assigns the notes. The suit, the claim and the judgment, are spoken of as sold and transferred—language amply sufficient to enable the transferee, in equity, as between him and the plaintiff, to control the action ; and to give him equitable rights against the defend-ant, after notice of the transfer. And this is evidently all that was intended. The action—the suit—the judgment—is the subject of the transfer; and hence, the first part of the agreement refers, with some degree of minuteness, to the court where the action was pending—when it was com-menced—the amount claimed, and upon what—and to the fact that an attachment had been issued. If the notes were intended to be transferred or assigned, it would seem that they would have been described and referred to particular-ly. Not only so, but this construction makes the instru-ment legally consistent. It is provided therein, that " the suit or claim is to be prosecuted in the name of the plain-tiff. " This could not be done, if he had parted with the legal interest in the notes. By allowing it to be prosecuted in his name, therefore, we carry out the intention of the parties, and violate no rule of construction. The opposite construction would render it impossible to do what the par-ties to the agreement have expressly provided should be done.

Two other queries arise :—*First*. The language of the law is, that civil actions shall be *prosecuted* in the name of the real parties in interest. If, therefore, the prosecution is *commenced* in the name of the proper party, can it make any difference that, after this and before judgment, the

claim, or demand sued on, may have been transferred? If this fact was shown, would it be so material as to defeat the plaintiff's action?

*Second.* While civil actions are to be thus prosecuted in the name of the real party in interest, yet by section 1677 of the Code, it is provided that this is intended merely to prescribe a rule of practice, and is in nowise to affect substantial rights. Now, what does this mean, more than that, as a rule of practice, suits are to be prosecuted by the real parties in interest; but if substantial rights are to be affected by adhering to the rule, then it may be departed from? And therefore, if a party sells to a third person, his interest in a claim upon which suit has been brought, but stipulates that it shall continue to be prosecuted in his name, why are not substantial rights affected, if a substitution or change is held necessary?

These queries we merely suggest. To do more in this case, and at this time, is unnecessary.

Judgment reversed.