## NEWELL v. SANFORD.

1. NEW TRIAL. An appeal may be taken from an order of the District Court granting a new trial, but such an order will not be interfered with unless it is shown that the discretion vested in the court has been abused, or that great injustice has been done to the appellant. A stronger case must be made than would be required to justify the reversal of an order refusing a new trial.

2. SAME IN ACTIONS OF RIGHT. Greater latitude is given to the discretion of the District Court as to new trials in actions of right than in any other actions.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 18.

ACTION of right. Trial by jury and verdict for the defendant. Motion by plaintiff for a new trial for the reason that the court had erred in giving certain instructions to the jury, as asked by defendant, and in refusing to give certain instructions as asked by the plaintiff; also in excluding from the jury certain evidence offered by the plaintiff. This motion was sustained and a new trial granted, from which order defendant appeals.

*C. C. Nourse* for the appellant.   An appeal lies from an order granting a new trial, *Shaw* v. *Sweeney*, 2 G. Greene 587; *Stewart* v. *Ewbanks*, 3 Iowa 191; *Parker* v. *Hendrie*, Ib. 263; *Edmonds* v. *Bishops*, 14 Ill. 152.

*Bates & Phillips* for the appellee.

BALDWIN, J.—It has been fully settled by this court, that the discretion given to the District Court to grant or refuse a new trial will not be interfered with, unless that discretion has been abused, or unless it is made fully apparent to this court that great injustice has been done to the party complaining.   7 Iowa 244.

It has also been doubted whether the order of the District Court in granting a new trial could be properly appealed from and reviewed in this court.   Whilst this right has been recognized, it has also been held that a stronger case should be made to justify the interposition of this court where the new trial was granted than where it was refused.   *Ruble* v. *McDonald*, 7 Iowa 90.

Greater latitude is given to the discretion of the District Court in actions of right than in any other actions.   The court may continue this kind of a cause for reasons of less importance than in other actions; and may grant a new trial upon the application of either party, if made at any time within the year after the trial.   Sections 2006, 2014 of the Code.

The plaintiff in this cause claimed to be the owner of, and entitled to the possession of, a certain lot occupied by defendant.   Defendant in his answer denies the ownership of plaintiff and his right of possession, but does not claim to be the owner thereof himself, nor does he set forth under what claim of right he holds possession, as in his answer he is required to do.   Section 2005, Code.   The defendant does not claim to be the owner of the property in controversy, but denies the plaintiff's right thereto.   It does not appear to this court wherein it 'will work great injustice to defendant by the

granting to plaintiff a new trial. The defendant is not disturbed in his possession of the property, he is not delayed in the collection of a debt, nor is there any judgment rendered against him for costs. Even if this was an ordinary action, we could not perceive such an abuse of the discretion of the District Court, as in any manner to prejudice the rights of the defendant.