Miller, J.
i. ad quod oeedSqs?b0’ practice. The appellants assign as error the overruling of their motion to consolidate the proceedings in this case with those commenced by their grantor. They insist that their petition was a supplemental pleading stating facts arising after the suit was commenced, and as such it properly belonged to the proceeding first instituted.
This is a special proceeding to condemn land under the right of emment domcdn.
Our statute provides: “ The rules of proceedings prescribed for civil actions by ordinary proceedings in the district court shall be followed in all proceedings of a special character, whether before the district court or any other tribunal, so far as applicable and not otherwise regulated.” Eev., § 4173.
The ad quod darnmum act provides in section first who shall be entitled to avail themselves of its provisions. The second section provides that the applicant shall file his petition in the district court, setting forth the locality, etc.; giving ten days’ notice to all parties to be affected by the erection of the dam. The third and fourth sections provide, that the clerk shall issue the writ to the sheriff of *554 the county where the lands are situated, who is required to summon a jury of twelve men, who, after notice to the land, owners, are to assess the damages to each of such owners to be injured by the contemplated dam, as directed in the writ, and return their award to the court whence the writ issued. Section five requires the clerk, after the award of the jury is filed, to issue a scwe facias to the parties in the inquest mentioned, to appear and show cause, at the next term of the court, why leave should not be granted to build the proposed dam.
The scire facias being duly served, the court, by section six, is authorized, if it shall deem it reasonable, and for the public benefit, to issue a license to erect the proposed dam, on the applicants paying to the proper parties the damages decreed by the court, etc. Rev., ch. 54, art. 4, page 211.
Except so far as the statute prescribes the mode of procedure, the proceeding is to be conducted as in ordinary civil actions, and the rules prescribed for such actions, so far as applicable, shall be followed.
The Revision, section 2194, provides that “no action shall abate by the transfer or assignment of any interest therein during its pendency. In case of the marriage of a female party, the fact being suggested on the record, the husband may be made a party with his wife, whenever necessary. In case of cmy other hra/nsfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer or assignment is made to be substitued in the action,” etc.
"We are of opinion that the court erred in refusing to consolidate the proceeding of plaintiffs with that already commenced by their grantor Schofield.
The special proceeding instituted by him could have been conducted to a final determination, or the plaintiffs could have been substituted. In support of this view see the following cases: Alien v. Newberry, 8 Iowa, 65 ; Harvey v. Willtrout, 10 id. 105; Fannon v. Robinson, id. *555 272; Pratt v. Delman, 17 id. 307; Wahl v. Phillips, 15 id. 478.
But we are further of opinion that this error is not such as calls for a reversal of the case on this ground alone, for it is not apparent that the plaintiff has been in any manner prejudiced by the ruling.
3.--new trial The principal error relied on by appellants is the ruling of the court sustaining the defendants’ motion to set aside the verdict of the sheriff’s jury, and dismissing plaintiffs’ proceeding and rendering final judgment.
Applying the rules governing ordinary actions at law, to this proceeding, we are not satisfied that the court committed such an abuse of its discretion, in setting aside the verdict, as will warrant a reversal of the case on that ground. A stronger case must be made to justify a reversal where a verdict is set aside and a new trial ordered by the court below, than where it has been refused. Newell v. Sanford, 10 Iowa, 396; Alger v. Merritt, 16 id. 121; Head & Metzger v. Langworihy & Brothers, 15 id. 235.
If the court below in the exercise of a sound discretion has set aside a verdict, such order should be permitted to stand, though there may have been error upon some abstract legal proposition. Shepherd v. Brenton, 15 Iowa, 84. And this is especially true when the motion is grounded, as in the present case, upon misconduct of the jury, and gross inadequacy of the damages assessed by them. But upon sustaining the motion to set aside the verdict, it was the duty of the court to have ordered a new trial of the question of damages, by awarding another writ ad quod dammtm, under which the damages could have been reassessed by another jury.
The court erred, therefore, in dismissing the proceeding and rendering final judgment ' This could not be legally done until the damages were ascertained in the manner *556 prescribed by law, and tbe issues made by tbe answer regularly tried. The assessment of damages by a jury, selected by tbe sheriff, is necessary before tbe court is authorized to adjudicate upon tbe merits of tbe application and render final judgment.
Tbe judgment of tbe district court is reversed, and tbe cause remanded for further proceedings in accordance with this opinion.
Reversed.