## BURNHAM v. THOMPSON.

35  421
98  453

1. **Appeal: FROM ORDER ON MOTION.** An appeal lies to the supreme court from an order overruling a motion to set aside the verdict and quash the writ in a proceeding *ad quod damnum.*

2. **Ad quod damnum proceedings: CONSTITUTIONAL LAW.** The statute authorizing the construction of mills and mill dams and the assessment of damages under a writ of *ad quod damnum* is not unconstitutional.

3. —— WHEN THE WRIT IS AVAILABLE. The provisions of the statute authorizing the writ are applicable, and the writ may properly issue after the work has been commenced and is unfinished, as well as before its commencement.

4. —— DAMAGES. Damages arising after the filing of the petition in such case are allowable.

5. —— WRIT NOT LIMITED. The writ of *ad quod damnum* is not limited to mills designed to grind grain for toll.

6. —— QUASHING OF WRIT. Where the first writ is quashed, another may thereupon be granted without notice thereof to the opposite party.

*Appeal from Fayette District Court.*

WEDNESDAY, DECEMBER 13.

THIS is an *ad quod damnum* proceeding instituted by plaintiff under chap. 54, art. 4 of the Revision, to assess the damages sustained by defendant by reason of a mill-dam erected by plaintiff, which causes overflow of water upon defendant's lands. Upon the return of the inquisition to the district court, wherein damages were assessed in favor of defendant, he moved to set aside the verdict of the jury and quash the writ. The motion was overruled and exceptions thereto taken. The cause was thereupon continued. From the order of the court overruling defendant's motion he appeals to the court.

*Rickel & Fuller* and *J. J. Birkey* for the appellant.

*Ainsworth & Miller* and *Noble, Hatch & Frese* for the appellee.

BECK, Ch. J. — This appeal is taken from the order of the court overruling defendant's motion to set aside the verdict of the jury and quash the writ of *ad*

1. APPEAL: from order on motion.

*quod damnum.* No judgment was rendered upon the verdict, but, after the action complained of, the cause was continued. The motion was based upon numerous grounds, of which but five are relied upon and presented for our consideration upon

this appeal. They are as follows: 1. The statute under which the proceedings were had is unconstitutional; 2. It has no application to dams erected without license since its enactment; 3. The jury had no legal authority to assess damages sustained prior to the verdict; 4. The petition does not show that the mill erected is to be used for grinding grain for toll, nor is that fact shown by any thing in the proceedings; 5. The assessment made was · upon a second inquisition ordered by the court without notice to the defendant of an application therefor, the first having been set aside by the court. Other objections to the proceeding, raised by the motion, are not brought to our attention by counsel; they involve questions of fact, and the evidence is not before us. For these reasons we cannot consider them.

I. The appellee asserts that, as there has been no judgment upon the inquisition in this case, an appeal will not lie; that the order overruling defendant's motion cannot be reviewed at this stage of the proceedings by this court. In this view we do not concur. The judgment of the district court upon the motion involved the very merits of the case and materially affects the final decision. The objections raised by the motion were made at a stage of the proceedings and in a proper manner to call for a decision of the questions presented. They were not waived by subsequent action of defendant. In our opinion an appeal from this decision is authorized by section 2632 of the Revision. The decision, it will be remembered, settles the right of the plaintiff to the relief sought and remedy pursued by him. For this reason an appeal is allowable thereon. See *Richards* v. *Burden*, 31 Iowa, 305.

II. We will proceed to notice the questions presented for our consideration by the defendant's counsel.

2. AD QUOD DAMNUM: constitutional law. The first one raises an objection to the statute under which the proceeding is brought, on the ground that it is in conflict with

the constitution. This statute was enacted in 1855 (Rev., chap. 54, art. 4), and authorizes the erection of dams and mills upon water-courses. Under its provision the damages sustained by land owners on account of dams thus authorized are assessed upon a writ of *ad quod damnum* issued upon the application of the parties erecting the mills. Statutes of this character have been in force in this State since its organization ; in fact a similar law was enacted at the beginning of our territorial existence, and something of the kind has been found upon our statute books ever since. R. S. 1843, chap. 102 ; Laws of 1839, p. 342. Their constitutionality has never been doubted by this court, while they have been construed and enforced in many instances. This repeated and long continued exercise of legislative authority, with uniform acquiescence on the part of this court, precludes us from denying that the law in question is in harmony with the constitution. Similar statutes have been supported in other States and declared by the higher courts to be within the constitutional limits of legislative power. See authorities cited by Judge COOLEY in his work upon Constitutional Limitations, pp. 534, 535.

III. The petition shows that at the time it was filed, plaintiff was engaged in building the mill and had completed the dam. Defendant insists that the writ of *ad quod damnum* is available only before the mill and dam are built; that the party calling to his aid the remedy obtains a license to build on payment of damages and not a judgment of the court legalizing his enterprise after it is completed. The statute authorizes any one who is "desirous of building a mill  *  *  *  *  of erecting a dam," to institute the *ad quod damnum* proceeding. Upon the return of the inquisition the court may grant the applicant license to build the dam upon payment of the damages assessed. Without inquiring whether the provisions of

3. —— when the writ is available.

the statute apply to a case where the mill and dam have
been built before the writ is sued out, we are of this opin-
ion, that they do apply when the work has been commenced
and is unfinished, as in this case. The builder in such a
case is within the very words of the statute, for one who
is engaged in the work which is yet incomplete may be
described as one " desirous of building." The statute con-
templates the mill and dam as one enterprise. If the dam
be built and the mill is unfinished the enterprise is incom-
plete and the builder still may be described as one " desir-
ous of building a mill and dam." The language of the
statute (Rev., § 1269), in regard to the license, gives no force
to defendant's position. The license is but simply the
order of the court which is granted upon an adjudication
establishing plaintiff's right to build under the statute. If
that right be not established and the dam and mill shall
have been built he is liable for all damage sustained by
others, and the erection causing it may be abated as a
nuisance.

IV. The damages assessed are such as accrued after the
filing of the petition. Defendant insists that the verdict
should have been confined to damages
4. —— damages. thereafter to accrue. In this view we do
not concur. It is plain that if the proceeding may
be instituted after the work is commenced, damages
arising after the filing of the petition, to say nothing
of those accruing before, should be allowed. The very
object of the proceeding is to determine the compensation
defendant ought to receive on account of injury to his
land. Certainly damages arising after the petition is filed
ought to be allowed.

V. The fact that the petition does not show that the
mill was designed to grind grain for toll does not affect
plaintiff's right to maintain this action.
5. —— writ not
limited. The statute authorizes the erection of mills
and other machinery, without any limitation as to the

purpose for which they shall be used. Rev., § 1264. We cannot restrict its operation to any kind of mills.

VI. The first writ issued in the case was, upon motion, quashed by the court. Thereupon another was issued without the notice to defendant required upon the commencement of the proceeding. Upon quashing the first writ it was the duty of the court to award another. *Forney & Thayer* v. *Ralls. & Willet*, 30 Iowa, 559. To authorize the second writ notice thereof to defendant was not necessary. It is to be presumed that he had been brought into court upon *scire facias* as required by section 1268. The order for the second writ was but an incident in the proceedings of which he was required to take notice.

*6. — quashing the writ.*

Affirmed.