## PATTERSON v. SPEARMAN, CLARK AND SEELEY.

**Husband and wife: LIABILITY OF WIFE'S PROPERTY.** Property of the wife left under the control of the husband is not, under section 2505 of the revision, as amended by chapter 126, Laws of 1870, liable to be taken in execution of a judgment rendered against the husband before the marriage. Notice of her ownership is not necessary in such case to protect it from the levy.

*Appeal from Henry Circuit Court.*

FRIDAY, JUNE 20.

THIS is an action of replevin for seven horses, twenty-one head of cattle, one hundred acres of standing corn, one rick and one stack of hay, one rick of wheat, one rick and one stack of oats, and two wagons, of which the plaintiff, who is a married woman, claims to be the absolute owner in her own right, the same having been purchased with her separate earnings and money. The defendants claim the property by virtue of the levy of an execution thereon, issued upon a judgment in

favor of Clark and Seeley against James H. Patterson, the husband of plaintiff. The cause was tried to a jury. Verdict and judgment for plaintiff. Defendants appeal. The further facts necessary to an understanding of the case appear in the opinion.

*P. N. Bowman, T. W. & Jno. S. Woolson* and *A. H. & R. B. Townsend* for the appellants.

*T. A. Bereman* and *L. G. Palmer* for the appellee.

MILLER, J. — The evidence on the trial tended to establish these facts: The plaintiff was married to James H. Patterson in 1863, and was then possessed of a large quantity of land and a considerable sum of money, all of which she had inherited from her father. Her husband had no property. In 1865 they moved upon a farm, part of it being land of her father's estate and part had been before bought with the wife's money by her guardian for her. All the stock, farming utensils, etc., were paid for out of her money. The husband managed the farm and worked upon it in the same manner as other farmers do upon their own farms. Improvements were made by his labor and by means realized from the profits of the farm. The plaintiff executed, acknowledged, and caused to be recorded on the day of its date, the following instrument:

"Know all men by these presents, that I, Mary T. Patterson, formerly Mary T. Wallace, now the wife of James H. Patterson, of Henry county, Iowa, do hereby claim of the personal estate now placed under the control of my said husband, and on and about the premises now occupied jointly by us, to wit: 7 head of horses, 12 head of cattle, 32 head of hogs, 1 wagon and harness, 1 reaper and mower, 1 mower, with plows, harrows, and other agricultural instruments; also $4,000 in money, to be laid out in stocking and improving the farm. I claim all the above, in value say $5,000, as belonging to me separately, and I claim all the increase from the above stock as well as that hereafter to be purchased with the money above

referred to — all of which is merely left under the control of my said husband, James H. Patterson.

" Witness my name this 25th day of August, 1859.

"MARY T. PATTERSON."

On the 19th of March, 1861, prior to the plaintiff's marriage, defendants recovered a judgment against James H. Patterson in the district court of Henry county, for $814.61, whereon the execution issued which was levied on the property replevied. The horses and two cows of the 30 head of cattle levied on are the only articles of property involved in the action which are specifically described in the recorded notice. The others are the increase of the stock or were bought with the profits of the farm.

On the trial defendants requested the court to instruct the jury to the following effect: Personal property of the wife, left under the husband's control, is liable for his debts unless the wife cause such record notice to be given as is required by law of her ownership of the specified articles which she claims to hold exempt from such liability. The notice required by law will protect only such property of the wife as is particularly mentioned or described therein, and will not extend to the increase of specified property, or other articles which were purchased with the proceeds arising from the same. The court refused to so instruct, and gave the following :

1. " The separate and individual property of the wife, and the income and rent of her property are not subject to the payment of the debts of the husband that were contracted prior to their marriage, even though the same should be left under the control of her husband, and no notice given of her ownership."

2. " If the jury find that the debt upon which judgment was rendered against the husband of plaintiff was contracted prior to their marriage, and if the jury find by a preponderance of evidence that the property in question, or any part thereof, belongs to or is owned by plaintiff, they will return a verdict in favor of plaintiff for such property."

The giving of these instructions and the refusal of those asked by defendants are complained of as erroneous.

The law of the Code of 1851, which was incorporated into the Revision of 1860, touching the questions here involved, is as follows: "Section 2499. The personal property of the wife does not vest at once in the husband, but if left under his control it will, in favor of third persons acting in good faith and without knowledge of the real ownership, be presumed to have been transferred to him, except as hereinafter provided."

"Section 2500. If the wife has such property which she leaves under his control, she must, in order to avoid the entire surrender of her interest therein, file for record with the recorder of deeds, a notice stating the amount in value of such property and that she has a claim therefor out of the estate of her husband, and if during her life-time he dies or becomes insolvent she shall be deemed a preferred creditor of the estate to that amount without interest, and may hold and control the same in her own right; but this preference shall not prejudice the interests of those creditors who became such after the property was thus placed under the husband's control, and before the filing of the notice aforesaid, unless they had knowledge of her right in that respect."

"Section 2502. Specific articles of personal property may be owned by the wife exempt from the husband's debts, although left under his control, if during his life-time and prior to its being disposed of by him, or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted after it was left under his control and before the filing of the notice aforesaid, except as against those having knowledge of her rights."

"Section 2505. Except as herein otherwise declared, the husband is not liable for the separate debts of the wife, nor is the property of the wife, nor the rent, nor income thereof liable for the debts of the husband. But the separate debts of the wife as

herein contemplated are only those growing out of the contracts mentioned in the next section."

" Section 2506.   Contracts made by a wife in relation to her separate property, or those purporting to bind herself only, do not bind the husband."

Under these provisions of the statute it has been held by this court, that if a married woman suffers her personal property to pass into the possession and under the control of her husband, without having filed notice of her ownership with the recorder of deeds, it becomes liable to be taken in execution for the claims of one who gave credit to the husband while the property was in his possession, and who had no notice of the wife's ownership.   *Myers* v. *McDonald*, 27 Iowa, 391; *Mazouck* v. *The I. N. R. R. Co.*, 31 id. 559.

Also, that where the wife leaves her personal property under the control of her husband, it is liable to be taken in execution for his debts contracted prior to the time when the property was left under his control, unless she record notice of her ownership, as required by law, prior to the levy of the execution. *Gray* v. *Ferreby*, 36 Iowa, 146.   See, also, *Smith* v. *Hewett*, 13 id. 94; *Odell & Updegraff* v. *Lee & Kinnard*, 14 id. 411; *Stewart* v. *Bishop*, 33 id. 584.

The question involved in this case is, whether the wife's property can be taken in execution for a debt of the husband contracted *before* marriage.   And while, under the above provisions of the statute, as contained in the Revision, it might properly be so held, would the result be the same, since the amendment of section 2505 of the Revision by chapter 126 of the Laws of 1870 ?   The section, as found in the Revision, is by this chapter repealed, and in lieu thereof the following is enacted :

" Neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage, and except as herein otherwise declared, they are not liable for the separate debts of the other ; nor are the. wages, earnings or property of either, nor the rent or income of such property, liable for the separate debts of the other."

It will be readily observed that this new section contains broader and more sweeping provisions than the one repealed, and being upon the same subject we must conclude that a change in the law was intended to be effected. The first clause of the substituted section declares that " neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage." This language is clear and without qualification. The exception immediately following it does not apply thereto. What is the character of the liability from which this language exempts both husband and wife ? Does the provision mean simply that neither husband nor wife shall be liable to be sued in a personal action for a debt or liability incurred by the other previous to marriage ? The wife never was by the common law liable to be sued for the debts or liabilities of the husband before marriage, nor was she thus liable under any statute of this State. At the time of the enactment of this new section the husband was not liable for the debts of the wife, contracted prior to their marriage. *Reunecker* v. *Scott*, 4 G. Gr. 185, so that, by the above construction, no force or effect whatever is given to the enactment under consideration, for neither husband nor wife was, under the law then in force, liable to a personal action for a debt or liability of the other incurred before marriage ; but the wife's personal property might, under that law, *become* liable for the husband's debts generally, whether contracted before marriage or afterward, if left by her under his control, without recorded notice of her ownership prior to a levy thereon. The whole of the chapter (101) being in *pari materia*, should be construed together, and effect given to every part if a construction can be legitimately found which will do this. *The State* v. *Smith*, 7 Iowa, 244 ; *Casey* v. *Harned*, 5 id. 1 ; *Thatcher* v. *Haun*, 12 id. 303.

We have seen that the above construction will not do this. In order then to give effect to the provision under discussion we must ascertain whether it is fairly susceptible of any other construction consistent with the other parts of the statute on the same subject. Immediately following the clause of the

section above quoted, we find this language : " and, except as herein otherwise declared, they (husband and wife) are not liable for the separate debts of the other, nor are the wages, earnings or property of either, nor is the rent or income of such property, liable for the separate debts of the other." Here we find it provided that the husband and wife, and their property, rents, income and wages, are generally exempted from liability for the separate debts of each other. They are exempt from such debts except as otherwise declared in the same chapter. By other provisions therein, the personal property of the wife may become liable for the *separate* debts of the husband. The "separate debts" here mentioned are evidently such as are contracted after marriage. For these debts of the husband, the property of the wife is not liable, *except as otherwise declared in the chapter*. From the debts contracted after marriage, exemption is the rule and liability is the exception, under this clause of the new section. The first clause, as we have seen, is unqualified, and to it the exception does not apply. It would seem clear, therefore, that a more extended and broader exemption was intended by the first than by the second clause. In order, therefore, to give force or effect to the first clause, it must be held to operate as an entire exemption of husband and wife from all liability, both in respect to their property and in *personam*, for the debts and liabilities of each other, incurred previous to marriage. This construction, while it gives effect to the first clause of the new section, which it would not have by any other construction, does not impair the force or effect of any other part of the statute on the same subject. That the provision under consideration fairly admits of this construction there can be no doubt. It is a rule of construction that where a statute is susceptible of two constructions, one of which gives effect to the whole, and the other renders a part inoperative, the former should be adopted. *Rheim* v. *Robbins*, 20 Iowa, 45. So if a construction can be legitimately found, which will give force to all the words of a statute, the court will not adopt one which involves the necessity of rejecting a part as unmeaning. *Leversee* v. *Reynolds*,

13 id. 310. The construction here adopted is also in harmony with the tendency of modern legislation in respect to the rights and property of married women, which has been to emancipate the wife from the common-law disabilities of coverture, and exempt her property from liability for the debts of her husband.

The instruction given by the court was in accord with the views here expressed, and hence not erroneous. Appellant argues, however, that if this be the true construction of the statute, it is retrospective in its effect, and therefore void. The argument is that "It takes away property which before had vested in and belonged to the husband," and is in violation of the rights of the "creditor who contracted upon the faith of this very property."

Whether a case might arise where this new section of the statute would have a retrospective operation we need not inquire; certainly it has no such operation in this case. The property of the wife, under the provisions of chapter 101 of the Revision, does not vest in the husband by being left by the wife under his control. The notice required is for the protection of the creditors of the husband and *bona fide* purchasers from him, and an omission by the wife to record such notice does not prejudice the rights of the wife as against the husband. Her right and title to the property as against him is as good without such notice as with it. *Jones* v. *Jones*, 19 Iowa, 236. Nor are the rights of the creditors in this case affected. The debt was not contracted on the faith of this property. It was contracted and the judgment thereon rendered prior to the marriage, and the statute was passed and took effect previous to the levy of the execution. These creditors, therefore, had acquired no rights under the old section of the statute, which were in any manner changed or affected by the new. They rested upon their rights under the judgment, as they existed before the marriage of the plaintiff with James H. Patterson, the judgment defendant, until after the taking effect of the new section. They are not, therefore, in any manner prejudiced thereby.                                                    Affirmed.

BECK, Ch. J., not concurring.