CURRAN v. THE EXCELSIOR COAL COMPANY.

1. **Appeal to Supreme Court:** FROM RULING DETERMINING JURISDICTION OF TRIAL COURT. In an appeal to the circuit court from a justice of the peace, an order overruling a motion to dismiss the appeal, on the ground that the court has no jurisdiction on account of the amount involved, is such a final order as will sustain an appeal to this court.

2. ——: LESS THAN $100: REVIEW LIMITED BY CERTIFICATE. This court has no jurisdiction, in cases involving less than $100, and certified here for decision, to go behind the certificate of the trial judge, and determine from the record whether the case involves the questions of law included in the certificate. The certificate itself limits our inquiry.

3. APPEAL FROM JUSTICE'S TO CIRCUIT COURT: AMOUNT IN CONTROVERSY: JURISDICTION. In determining the jurisdiction of the circuit court to entertain an appeal from a justice's court, the amount in controversy is the sum claimed as damages in the pleadings. The costs are not to be included.

*Appeal from Mahaska Circuit Court.*

THURSDAY, MARCH 20.

THE plaintiff brought suit before a justice of the peace, and recovered judgment by default against defendant for $20 debt, and $7.80 costs. The defendant appealed to the circuit court. The plaintiff filed a motion to dismiss the appeal, for the reason that the amount in controversy did not exceed $25. This motion was overruled by the circuit court, and from this order plaintiff appeals. No final judgment has been entered in the circuit court, but the trial judge has certified that the cause involves a question of law upon which it is desirable to have the opinion of this court—such question being whether, in determining the amount in controversy on appeal from a justice of the peace, the costs, as shown by the transcript of the justice, are to be included, or whether such amount is to be determined by the amount claimed in the pleadings.

*Gleason & Haskell,* for appellant.

*J. F. & W. R. Lacey,* for appellee.

REED, J.—I. The point is urged by appellee that an appeal will not lie from the order of the circuit court before a final 1. APPEAL to judgment is rendered in the case by that court. supreme court: from The objection made by the motion to dismiss the ruling determining appeal is, that the circuit court has no juris-jurisdiction of trial court. diction of the case. If that court had sustained the motion, its order would have been a final disposition of the case. If the circuit judge had given the necessary certificate, the defendant certainly could have appealed from such order. The order would have been a final determination by the court that it did not have jurisdiction of the case, and no other judgment or decision would have been essential to defendant's right of appeal. So it seems to us that the order overruling

the motion to dismiss is a final determination by the court that it does have jurisdiction of the case. That question is properly raised by the motion, and is raised at a proper time, and its determination by the court is final, and this determination affects the final result in this, that it is a determination by the court that it has jurisdiction to hear and determine the case on its merits, and to enter such judgment in it as the parties may be entitled to. We think the principle involved in the question is the same as that involved in *Burnham v. Thompson*, 35 Iowa, 421, in which we held that an appeal would lie before final judgment in the case.

II. By an additional abstract filed in the case, appellee shows that plaintiff claimed thirty-five dollars as damages in

2. ——: less than $100: review limited by certificate.

the original notice, and claims that, as the justice acquired jurisdiction by the notice, the amount claimed therein is the amount in controversy. But this court has jurisdiction in this class of cases to determine the questions that are certified to us by the trial judges, and none others. We have no power to go behind the certificate of the trial judge, and determine whether the case involves the question of law included in the certificate. The certificate is what gives us jurisdiction of the case, and it necessarily limits our inquiry with reference to it.

We come, then, to the question certified to us by the trial judge, which is as follows: "In determining the amount in

3. APPEAL from justice, to circuit court: amount in controversy: jurisdiction.

controversy on appeal from justices of the peace, should the amount in controversy be determined by the amount as shown by the pleadings, or should the costs, as shown by the transcript of the justice, be taken into consideration in determining the amount in controversy."

We think the costs are not to be included. The questions in controversy between the parties are those put in issue by the pleadings, and the amount in controversy is the sum claimed as damages in the pleadings. The question in con-

troversy in this case was whether the plaintiff was entitled to recover damages from the defendant on account of the wrong of which he complained, and, if so, the amount of that recovery. As an incident of the controversy, certain costs are taxed under the statute against the losing party, as compensation for the officers who have rendered services in the case, or for the witnesses who have given testimony in it. But the question as to who shall pay these costs is not the subject of the controversy between the parties. The suit is brought and prosecuted for the enforcement or protection of the right involved, or for the redress of the wrong complained of, and not for the recovery of such costs as may accrue in its prosecution. These, as we have said, are taxed to pay the officers and witnesses. The successful party has no interest in them except in cases where he has advanced the costs. The evident purpose of the legislature in enacting this law was to make the judgment of the justice final in a class of cases unimportant, because of the small amount involved in them; and we cannot think that it was the intention that the question whether a case would be within the class should be determined by the amount of costs which might accrue in its prosecution before the justice.

REVERSED.