## SMITH v. HEWETT.

1. HUSBAND AND WIFE: POSSESSION OF PERSONAL PROPERTY. Under § 2499 of the Revision of 1860, personal property in the common use and joint possession of the husband and wife, is *prima facie* under the control of the husband, and is subject to his debts to third persons. The wife can protect herself only by a compliance with the provisions and requirements of the section above mentioned.

*Appeal from Dubuque City Court.*

THURSDAY, APRIL 10.

THE facts are stated in the opinion of the court.

*Cooley, Blatchley & Adams* for the appellant.

*Bissell & Shiras* for the appellee, cited Revision of 1860, § 2499; 38 Penn. S. R., 277.

LOWE, J. — This is a controversy touching the right of property to certain pictures and articles of household furniture set up by plaintiff under the following circumstances: John B. Smith, husband of plaintiff, and Mrs. Kingman, his mother-in-law, were the keepers of the Julian House in the city of Dubuque. By them the property in dispute had been mortgaged. After foreclosure, the defendant with a special execution under the decree levied upon the same, and it was replevined by the plaintiff, wife of the said J. B. Smith, as her own separate property, under her exclusive control and possession. The proof showed that most of the property had been given to her by her father in the year 1854, and a few articles by her husband in 1858; that at the time of the levy aforesaid, it was found in rooms No. 63 and 64 of said house, which were occupied by Smith and his wife, the plaintiff, and Mrs. Susan Kingman, the mother-in-law, who used and possessed the property in common, or conjointly. The record presents no evidence that the defendant or the plaintiff in execution had actual or constructive notice of her ownership. On trial, among others, the following instructions were given by the court to the jury:

1. "If the wife becomes possessed of personal property, either by gift or otherwise, and permits the same to pass under the control or into the possession of her husband, and does not file any notice of her claim in the recorder's office

of the county, such property is liable to be taken on execution against her husband."

2. "Where household furniture, pictures, and the like property are used in the house occupied by the husband and wife, such property is considered as being in the possession of the husband, and under his control." This last given with the additional remark: "But while this is the general rule and presumption, the question as to who had the control of the property is one for the jury to determine by the evidence under all the circumstances of the case.

The trial resulting in favor of defendant, the plaintiff makes the foregoing instructions the ground of her appeal, insisting that it was error to have given them.

The rule that "if two persons be in the joint possession of property, and one alone has the title, the law will refer the possession to the title," (17 Ala., 566; 3 J. J. Marshall, 280,) has no application under sections 2499, 2500, 2501, 2502, 2503, of the Revision of 1860, to persons standing to each other in the relation of husband and wife. Indeed, such a rule, if recognized, would abrogate in effect the provisions contained in these sections, which seem to be founded upon the idea that personal property in the common use and joint possession of husband and wife *prima facie* is, from the very nature of their relation to each other, under the control and ownership of the husband, and subject to his debts by third persons without notice. If the property in fact belongs to the wife, she can only protect herself from these consequences, by bringing herself within the provisions of the above sections of the Revision, which it is conceded she did not do.

Notice of her ownership was required to be filed for record with the recorder of deeds of the county. In the absence of this, and any proof of actual notice, we do not perceive why the above instructions are not a fair expo-

sition of the law applicable to the facts of this case.
Judgment below

Affirmed.