## ODELL & UPDEGRAFF v. LEE & KINNARD *et al.*

1. PROPERTY OF THE WIFE. The personal property of the wife, when in the joint possession of the husband and wife, is regarded as under the control of the husband and subject to his debts, unless notice of her ownership is filed for record in the manner prescribed in § 1450 of the Code of 1851, § 2502, Revision 1860. (*Smith* v. *Hewett*, 13 Iowa, 94.)

2. SAME. The personal property of the wife in the control of the husband is subject to the debts of the husband contracted before notice of her interest is filed in the manner prescribed by § 1450, Code of 1851. (§ 2502, Revision of 1860.)

*Appeal from Clayton District Court:*

TUESDAY, JANUARY 6, 1863.

THE plaintiffs sued out an attachment against the firm of Lee & Kinnard, and under the writ the Sheriff levied upon a piano as the property of O. C. Lee, one of said firm, Adaline Lee, the wife of O. C. Lee, filed her petition as intervenor, claiming the property as belonging to her, and not subject to seizure and sale to satisfy the debt of her husband. Issue being joined, the cause was submitted to the court, and upon hearing the evidence the petition of the intervenor was sustained, and the property ordered released. Motion for a new trial being overruled, plaintiffs appeal.

*Odell* for the appellants.

*Noble & Beckwith* for the appellee.

BALDWIN, C. J.—The evidence introduced upon the hearing establishes the fact that the piano was purchased with money acquired by the petitioner after her marriage. It appears that she had accumulated a certain amount of money from the sale of maps or plats of land, and with it had entered a tract of land. This land she had sold at a profit, and with the proceeds had purchased the property in controversy. The money received from the sale of the land was deposited with the banking house of Lee & Kinnard, on the account of the husband. The husband at the instance of the wife took said money to Chicago, and with it purchased the piano. It was brought to the house of the husband and there remained until the levy. Upon the day prior to the levy, Noble, the attorney for defendants, told Odell, one of the plaintiffs, that the piano was the property of Mrs. Lee. It is conceded that there was no notice filed for record of her separate ownership of this property. At

common law there is no question as to the right of the plaintiffs to subject this property to the payment of the husband's debts. Does the statute give to the wife the exemption claimed?

Sections 1447–49 of the Code of 1851 (§§ 2499–2501 of the Revision of 1860), provide a mode by which the wife may have her general personal property kept free from seizure for the debt of the husband. The property now claimed as exempt is a specific article of personal property, and if exempt at all it must be under the provisions of § 1450 of the Code of 1851, § 2502 of the Revision of 1860. This section provides that "specific" articles of personal property may be owned by the wife exempt from the husband's debts, although left under his control, if, during his lifetime, and prior to its being disposed of by him or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted after it was left under his control, and before the filing of the notice aforesaid, except as against those having knowledge of her rights.

At the time the debt upon which the plaintiffs seek to recover was contracted, no such record was made, nor is there any evidence tending to show that the plaintiffs at that time had any knowledge that the wife claimed the piano as her separate property. Conceding it to be true that the instrument was purchased with her own money, the fact that it was left in the house of her husband, and under his control as the head of the family, without any attempt upon her part to have it designated as her separate property, in the manner provided by statute, would subject it to the debts of her husband. In the case of *Smith* v. *Hewett*, 13 Iowa, 94, this court recognized as correct, the rule that when household furniture, pictures and the like property are used in the house occupied by the hus-

band and wife, such property is considered as being in the possession of the husband, and under his control. The testimony of the witness Odell is, that the debt was contracted, and that he had no knowledge of the wife's claim to the property until after the writ of attachment issued. If the property was under the control of the husband when the debt was contracted, it is subject to execution or attachment, notwithstanding the fact that notice, even before the writ issued, was given, as is claimed. It is to be presumed that credit was given to the husband, upon the fact that the property under his control belonged to him, and was subject to his debts. To avoid such a presumption, the wife, if she claims property separately, must make known such claim by making it a matter of record.

Reversed.