## PIERSON v. HEISEY, Sheriff.

1. **Fraud: POSSESSION: GIFT TO CHILD.** A gift made in good faith by a father to his child, while he is solvent, if the possession of the property shall be taken by the child, and it is held as exclusively hers and under her sole and exclusive control, will not become liable to the father's debt subsequently contracted, by the simple fact that it was kept in his house with his other furniture.

2. ——— Section 2201 Rev. 1860, has no application to this class of cases.

3. ——— This case is distinguished from *Odell & Updegraff* v. *Lee et al.*, 14 Iowa, 411. In that case the property belonged to the wife and was in the possession of the husband — in this the possession of the child is not the possession of the parent.

*Appeal from Des Moines District Court.*

THURSDAY, JUNE 22.

REPLEVIN FOR A PIANO. — Plaintiff claims it as a gift from her father and defendant under an execution against

Pierson v. Heisey.

the father. Verdict and judgment for plaintiff, and defendant appeals.

*Crocker & Smythe* for the appellant.

*C. B. Darwin* for the appellee.

WRIGHT, Ch. J. — The only testimony in the case is that of the execution defendant, from which it appears that 1. FRAUD: possession: gift to child. in 1857, when plaintiff was about fourteen years of age (at the time of suit brought she was twenty-one), he took her to a music store, and bought and presented to her the piano in question; that he was then solvent; that she had the same conveyed to his house; that the bill for the same was made to him, and he executed a bill of sale on the instrument, to secure the purchase-money; that it was put in his parlor where it remained since with his furniture, but that it has ever "been hers exclusively, and under her sole and exclusive control." Plaintiff resided at her father's house as a member of his family. The father made no conveyance in writing, and there was no notice of her ownership of record.

Upon these facts the court held, and so instructed the jury, that if plaintiff received the piano as a present from her father *before* the debt was contracted, to satisfy which it was levied upon by the sheriff, the father had a right to make such a gift, and it would not be liable.

Defendant asked several instructions upon the subject of the effect of possession by the father, and the necessity of executing and having filed for record some evidence of ownership before subsequent creditors would be barred by an attempted gift by the father to the child, all of which were refused.

Under the circumstances, we think the instructions were properly refused. There is no suggestion that the gift was made in contemplation of insolvency. It is not pretended

that the father used this property as his own, nor that by any act of his (other than the fact that the property was in his house) creditors or the public were misled or induced to give him credit on the faith of the supposed ownership by him. While a father must be just before he is generous, he may make a valid gift to his child, and if made in good faith, if possession of the property shall be taken by the child, it is held as exclusively hers and under her sole and exclusive control. It will not become liable to the father's debts subsequently contracted, by the simple fact that it was kept in his house with his other furniture. The failure to execute some evidence of the gift, and to have the same recorded, will not make the transaction fraudulent as to subsequent creditors. The section of the Revision (2201, Code of 1851, § 1198) relied upon by counsel, has reference to cases where the seller or mortgagor retains the actual possession, and makes such a sale or mortgage invalid in the absence of a written conveyance duly acknowledged and recorded, against existing creditors and subsequent purchasers.

In this case there is no evidence that the father ever had any possession of this instrument to deliver to the child. She took it from the shop. It is not as though it had been at his house, or under his control, and afterwards presented to her. True it was in his house, but it was under her control, if the testimony is to be believed, and of this the jury were the proper judges. The possession of the daughter would not be that of the father, and hence the case of *Odell and Updegraff* v. *Lee and Kinnard*, 14 Iowa, 411, is not applicable. There the property was claimed by the wife, and the case turned upon the failure to file for record notice of the ownership as prescribed by § 2502 of the Revision. The questions made in that case and the facts are entirely different from those made in this, and the same is true of *Smith* v. *Hewett*, 13 Id., 94.

The court below did not err in giving and refusing the instructions referred to by counsel, nor overruling the motion for a new trial, and the judgment is affirmed.

Affirmed.