Miller, J.
The question raised by the demurrer is, whether where the husband executes to his wife a chattel mortgage of personal property, and remains in possession. in pursuance with the terms of the mortgage until default, the wifé’s interest is protected against a third party purchasing from the husband, by the recording of the mortgage without recording the notice prescribed in section 2502 of the Revision of 1860.
The court below in sustaining the demurrer held that her interest was not protected. ~We think otherwise. Personal property owned by the wife, in the control of her husband, will, in favor of third persons acting in good faith and without knowledge of the real ownership, be presumed to have been transferred to him, unless notice of her ownership is filed for record with the recorder of deeds of the county. Revision of 1860, §§ 2499, 2502; Odell & Updegraff v. Lee & Kinnard, 14 Iowa, 411. So, also, personal property in the joint or common use and possession of the husband and wife is prima facie under the ( control of the husband, and liable to be seized for his debts, unless such notice is filed. Smith v. Hewett, 13 Iowa, 94.
The ownership of the wife and the possession of the husband being inconsistent, the statute provides that the ownership shall, as to third persons without notice of the real ownership, be presumed to be in the party having the possession. But in this case the wife’s interest as mortgagee is not inconsistent with the husband’s possession when she records her mortgage and thereby gives notice to the world of such interest. Revision of 1860, § 2201.
The -case of Pierson v. Heisey, 19 Iowa, 114, cited by appellee, was a case where a daughter claimed to be the owner of the property by gift from her father, which was kept in his house where she lived, possession having been taken by her, and was under her sole and exclusive control, and it was held that the property would not, under such *342 circumstances, become liable for his debts, the gift being made in good faith while he was solvent. That case does not bear upon the question before us.
The demurrer admits the facts alleged in the answer, viz.: that Mrs. Munger held a chattel mortgage upon the mare, that it was duly acknowledged and recorded, and that the money it was given to secure was due and unpaid. The possession of the mare by her husband was entirely consistent with her lien upon or interest in the property as mortgagee, and the plaintiff purchased with record notice of her rights. Whether the mortgage was a fraud or not, does not arise on the demurrer.
The judgment is reversed and a new trial ordered.