## MAZOUCK v. THE IOWA NORTHERN R. R. Co.

Husband and wife: LIABILITY OF WIFE'S PROPERTY FOR HUSBAND'S DEBTS. If a married woman suffers her personal property to pass into the possession and under the control of her husband, without having filed notice of her ownership with the recorder of deeds, as provided by the statute, it is liable to be taken in execution for the claims of one who gave credit to the husband while the property was in his possession, and who then had no notice of the wife's ownership. The *joint* possession of such property by the husband and wife is regarded as *his* possession.

### *Appeal from Linn Circuit Court.*

### MONDAY, JUNE 19.

ACTION of replevin, originally brought before a justice of the peace, to recover the possession of a pile of 150 fence posts, one stack of hay, and the corn standing on eight acres of land on the premises where the plaintiff and her husband reside, which had been levied upon under an execution in favor of defendant against John Mazouck, the husband. The plaintiff claims to be the owner of the property replevied. The defendant answered denying plaintiff's ownership, and alleged that the property, when levied upon, was in the possession or under the control of the husband; also, that it was in the joint possession of the husband and wife; that the wife had never filed any notice of her ownership with the recorder of deeds of the county, and that defendant never had any notice of any ownership in the plaintiff to the property.

On appeal to the circuit court, the cause was tried to a jury. Verdict and judgment for plaintiff, and defendant appeals.

*A. D. Collier* and *R. H. Gilmore* for the appellant.

*G. D. Crafts* for the appellee.

MILLER, J. — The facts of the case as established by the evidence are: that John Mazouck, in February, 1868, subscribed for one share in the capital stock of the defendant's road, being $100; that the plaintiff and her husband and daughter were together at home at the time the subscription was made; that at that time the legal title to the farm on which they lived was in John — the husband — and so remained, so far as the records were concerned, until three days after the judgment was rendered, upon which the replevied property was taken on execution; that the husband listed the personal property on the farm for taxation, as his own, on the day the subscription was made, in presence of his wife and family and the agents of the defendant; that the husband and wife have lived together on the farm since September, 1866; that on the 15th day of June, 1869, a deed from the husband conveying the farm to the wife was recorded, which was after the recovery of the judgment on the subscription; that the health of the husband was not good, and that the wife was more active in the management of the farm and the business connected therewith than the husband, but that he also worked on the farm and assisted in the business; that the plaintiff never filed any notice with the recorder of the county that she claimed to own any of the personal property on the farm; that defendant never had any notice of any such ownership, and that from the records the farm and all the personal property thereon appeared to be the property of John Mazouck until the recording of the deed from him to the plaintiff. The plaintiff claims that the farm and all the personal property was purchased with her money, and the deed of the farm taken in her husband's name.

Whether the wife's money paid for the property is immaterial, for it is clear upon the facts of the case that the husband and wife were in the joint possession of the farm and all the property thereon.

It is well settled that, under the statutes of this State,

if a married woman suffers her personal property to pass into the possession and under the control of her husband without having filed with the recorder of deeds notice of her ownership, as provided by the statute, it is liable to be taken in execution for the claim of one who gave credit to the husband while the property was in his possession and who had no notice of the wife's ownership; *Smith* v. *Hewett*, 13 Iowa, 94; *Odell & Updegraff* v. *Lee & Kinnard*, 14 id. 411; *Myers* v. *McDonald*, 27 id. 391, and that under the statute personal property, in the common use and joint possession of the husband and wife, is *prima facie* under the control of the husband and subject to his debts. And the wife can protect herself only by a compliance with the requirements of the statute. *Smith* v. *Hewett, supra.* In the case under consideration there is no conflict in the evidence upon any material fact involved. The plaintiff and her husband were, to say the least, in the common use and joint possession of the farm and personal property from 1866 until 1869. This relation existed at the time credit was given to the husband by the defendant. The defendant had *no notice* at any time of any ownership in plaintiff until after the levy, and the wife has failed to file the required notice with the recorder. The verdict, therefore, was clearly against the evidence and should have been set aside on defendant's motion. For this error the judgment of the circuit court is

Reversed.