## MILLER & CO. v. STEELE.

1. **Husband and Wife:** PROPERTY OF THE WIFE. The personal property of the wife, which is left subject to the control of the husband, is presumed, in favor of third persons acting in good faith and in ignorance of the real ownership, to have been transferred to him.

2. ———: ———. Credit extended to the husband, while his wife's personalty is in his possession and under his control, is presumed to have been given in the belief that her property is subject to his debts.

3. ———: ———: LIABILITY FOR DEBTS OF HUSBAND. To exempt the wife's property from liability for the husband's debts, a notice of her ownership must be filed with the recorder of deeds of the county; but such exemption will not embrace debts contracted without knoweledge of the real ownership and before the filing of the notice.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 7.

IN September, 1870, the plaintiffs filed in the office of the clerk of the Monroe Circuit Court, their petition, claiming a sum of money of H. K. Steele and H. G. Ellis, partners composing the firm of Steele & Ellis. On the 19th of February, 1871, the defendant, L. M. Steele, filed her petition of intervention in said case, and afterward, on her motion, the venue was changed to the Circuit Court of Wapello County.

Afterward the defendant filed her amended petition, stating in substance that in September, 1870, the plaintiffs E. M. Miller & Co. sued out a writ of attachment against Steels and Ellis, and afterward levied the same upon certain household furniture in her petition described. That prior to the levy of said writ, she purchased said property with her own money and it was hers in her own right. That at that time she was the wife of H. K. Steele, of the firm of Steele & Ellis, and they were living together as husband and wife, in the town of Albia, in a house owned by her, the title to which was, and for fifteen years had been, in her own name, and that she did not have on record a notice of her ownership of said property, but the fact of her ownership was notorious and public.

That about the 7th day of September, and before the levy of the writ of attachment, the said H. K. Steele left the State of Iowa, and took up his residence for the time in the State of Ohio, and remained absent until the last day of December, 1870, when he was returned by requisition on the Governor of Ohio. That during the entire time of his absence she was in the sole and actual possession of said house, and the goods in controversy in this suit.

That when said property was attached she was in the sole possession of the house and said property; that her husband was not then in the State of Iowa, and was not in the possession of said property, and did not have it under his control, and that no person had control of it but petitioner.

That when the sheriff came to execute said writ, she informed him that she was the owner of said property in her own right, and that she forbade him attaching or taking it, and that, after being thus notified, he levied upon and took the property. That one of the plaintiffs was present at the time of the levy, and heard her inform the sheriff that the property was hers, and forbid the taking of the same.

By reason of the facts stated, petitioner denies the right of plaintiffs to take her individual property, to pay the debts of Steele & Ellis. To this petition plaintiffs filed the following demurrer.

I. Said petition, as amended, does not state facts sufficient to constitute a cause of action in this:

1. It does not state that the said Lucy M. Steele had the sole possession and control of said property, at the time the debt was contracted by H. K. Steele with plaintiffs, or the credit given by plaintiffs to said Steele.

2. It does not state that plaintiffs had any knowledge of her ownership, at the time they extended credit to H. K. Steele, her husband.

3. The petition does not show that the said Lucy M. Steele at any time ever had the possession of any of said articles, except such possession as she would hold jointly with her husband, H. K. Steele, as his wife.

4. It does not show that said Lucy has ever filed for record

with the recorder of deeds, written notice of her ownership, as required by law.

II. The petition states facts which avoid the cause of action, in this:

1. It shows that no written notice of her ownership has ever been filed, as required by law.

2. It shows that H. K. Steele, at all times, had the possession and control of said property, and that the possession of said Lucy was only such as any wife would have of the household furniture of her husband.

The court sustained the demurrer, and rendered judgment against the intervenor, she electing to stand upon her demurrer, and refusing to further plead.

The intervenor, Lucy M. Steele, appeals.

*Perry & Townsend*, for the appellant.

*Stuart & Andrews* and *Hendershott*, for the appellees.

DAY, J.—At the September term, 1873, it was held by a majority of this court that the demurrer to the petition was improperly sustained, and the cause was reversed. A petition for rehearing having been filed, we have carefully reviewed the question presented, and have become convinced that the former determination was wrong. The sections of the statute bearing upon this question are contained in the Revision of 1860, and are as follows:

" 2499. The personal property of the wife does not vest at once in the husband, but if left under his control, it will, in favor of third persons acting in good faith and without knowledge of the real ownership, be presumed to have been transferred to him, except as hereinafter provided.

" 2500. If the wife has such property which she leaves under his control, she must, in order to avoid the entire surrender of her interest therein, file for record with the recorder of deeds a notice stating the amount in value of such property, and that she has a claim therefor out of the estate of her husband; and if during her lifetime he dies or becomes insolvent, she shall be deemed a preferred creditor of the estate to

that amount without interest, and may hold and control the same in her own right, but this preference shall not prejudice the interests of those creditors who became such after the property was placed under the husband's control, and before the filing of the notice aforesaid, unless they had knowledge of her right in that respect."

"2502. Specific articles of personal property may be owned by the wife exempt from the husband's debts, although left under his control, if, during his lifetime, and prior to its being disposed of by him, or levied upon for his debts, notice of her ownership is filed for record with the recorder of deeds of the county. But such notice shall not exempt her property from liability for his debts contracted after it was left under his control, and before the filing of the notice aforesaid, except as against those having knowledge of her rights."

At common law, the personal property of the wife vested at once in the husband. In this State the personal property of the wife becomes subject to the control and disposition of the husband, except as otherwise provided by statute. It does not vest at once in the husband. As between the husband and wife the property still continues to be that of the wife. But if left under the husband's control, in favor of third persons acting in good faith, without knowledge of the real ownership, it will be presumed to have been transferred to him. This presumption can be rebutted only by pursuing the course prescribed in the statute.

1. HUSBAND AND WIFE: property of the wife.

Property used in a house, occupied by the husband and wife, is considered as being in the possession of the husband, and under his control. *Smith v. Hewitt*, 13 Iowa, 94; *Odell & Updegroff v. Lee & Kinnard*, 14 Iowa, 411; *Mazouck v. The Iowa Northern R. R. Co.*, 31 Iowa, 559.

If property is under the control of the husband at the time a debt is contracted, it is presumed that credit was given to the husband, upon the fact that the property under his control belonged to him, and was subject to his debts. *Odell & Updegraff v. Lee & Kinnard, supra; Presnall v. Hubert*, 34 Iowa, 539. In favor of a party extending credit

2. ——: ——:

to the husband, without knowledge that the wife owns personal property under his control, there is a presumption of law that such property has been transferred to the husband. When this presumption arises, the property is, as to such person, exactly in the position it would have been at common law, and is liable for the debt thus contracted. This condition of liability at common law was a continuous liability. It must also be so under the statute, unless the statute provides some mode of removing it. The search will be vain for any provision of the statute releasing the property of the wife from liability thus incurred. A notice of the wife's ownership, filed with the recorder of deeds of the county before the property is levied upon for the husband's debts, will exempt the property from liability for such debts, provided they were not contracted whilst the property was under the husband's control; or, if contracted whilst the property was under the husband's control, were contracted with knowledge of the wife's rights. But even such notice will not exempt her property from liability for debts contracted without knowledge of her rights, after the property was left under the husband's control, and before the filing of the notice. Revision, § 2502. If the wife has personal property which she leaves under the control of the husband, she must, in order to avoid the entire surrender of her interest therein, file for record with the recorder of deeds a notice of her claim. Revision, § 2500. As the rights conferred by the statute are in derogation of the common law, she must, in order to avail herself of those rights, pursue the course which the statute prescribes. Nothing else will avail.

*3. ___ : ___ ; liability for debts of husband.*

The intervenor, in her petition, sets forth certain facts, which, she claims, exempt her property from liability for her husband's debts. As she claims affirmative relief upon the facts stated, it is incumbent upon her to set forth facts showing that she is entitled to the relief asked. She shows that the property in question is household furniture. That prior to the levy of the writ of attachment, she and her husband were living together in the town of Albia, and that she did not have on record a notice of her ownership of said property;

that before the levy of the writ, about Sept. 7th, her husband went to Ohio, and remained until the last day of December; that during his absence she was in the sole possession of the goods in controversy. These facts are not sufficient to entitle her to the relief asked. She should allege that the debt was not contracted whilst the property was in the joint possession of herself and husband, or that it was contracted with knowledge of her claim thereto. And it is doubtful whether she must not go further, and allege that notice of her claim was filed before the levy. See *Myers v. McDonald*, 27 Iowa, 391, in which this view was maintained by two members of the court, one expressing no opinion, and one dissenting.

The petition of intervention was insufficient, and the demurrer to it was properly sustained.

AFFIRMED.