McAFEE v. BUSBY & SON.

1. **Personal Property**: GIFT BY HUSBAND TO WIFE: NO VISIBLE CHANGE OF POSSESSION: CODE, § 1923: "EXISTING CREDITORS." Where a husband gave to his wife a carriage, a sleigh and a billiard table, but there was no recorded conveyance, and no visible change of possession, and the property continued to be used by all the members of the family as such articles are ordinarily used, *held* that the conveyance was invalid as against existing creditors of the husband, under Code, § 1923; and that persons who in such a case become creditors, without notice, at any time while the invalidity exists, are existing creditors, within the meaning of the statute. See authorities cited in opinion.

*Appeal from Linn District Court.*

TUESDAY, JUNE 22.

ACTION to recover possession of a carriage, billiard table and sleigh. Trial to the court. Judgment for the plaintiff, and defendants appeal.

*Davis & Brooks* for appellants.

*Thompson & Lanning,* for appellee.

SEEVERS, J.—The plaintiff is the wife of D. T. McAfee. The defendants are judgment creditors of the latter, and caused the property to be levied upon under an execution in their favor. The plaintiff claims that the property belongs to her, and that at the time it was levied upon it was and had been in her possession for some years. This is denied by the defendants. There is no evidence, except that of the plaintiff and her husband, as to the ownership and possession, except that of one witness introduced by the plaintiff. The carriage was purchased by D. T. McAfee at least ten years prior to the trial in the court below, and paid for by him, and given to the plaintiff at the time of the purchase. The other property was given to the plaintiff by her husband in 1878, in consideration that she would sign a mortgage. The plaintiff and her husband reside upon their homestead, and the carriage and sleigh were kept, when not in use, in a barn on the homestead premises, and the billiard table in the house and home occupied by them. The plaintiff testified that she owned the carriage, and that it was used by the family; that she permitted her husband to use it the same as any one else; and that she loaned it to him, but she did not remember that he had ever used it except when she was with him. She also testified that, when the sleigh and billiard table were given to her, she took possession of and used them. The evidence of the plaintiff's husband, and that of the other witness, is substantially the same, and the question to be determined is whether the plaintiff or her husband was in the actual possession of the property at the time of the levy, for it is not claimed that the defendants had actual notice, at the time of the levy, that the property belonged to or was in the possession of the plaintiff.

I. It is provided by statute that "no sale or mortgage of

personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed and acknowledged like conveyances of real estate, and filed for record. * * *" Code, § 1923. When D. T. McAfee purchased and paid for the carriage, he became the owner; and when he gave it to the plaintiff, he was the vendor, within the meaning and intent of the foregoing statute. The carriage was kept on the premises occupied by the plaintiff and her husband, and it was used by the family, including D. T. McAfee. Under the statutes of this state he is regarded as the head of the family, and the personal property used and controlled by the family, if on the homestead, is presumed to be in his possession until the contrary appears. The burden, therefore, was on the plaintiff to show that she was in the possession of the carriage at the time of the levy. This we think she has failed to show. It is entirely clear that her possession was not exclusive, for the carriage was used by the husband. There was nothing to indicate that the plaintiff was in possession, except the fact that she used the carriage. But this is done by the wife of every husband in the state; and, if it can be said that the plaintiff was in possession of the carriage, then it must follow that the wife of every other husband in the state is in possession of the personal property kept and used on the homestead. The rule was recognized in *Smith v. Hewett*, 13 Iowa, 94, that when household furniture, pictures, and the like property, are used in the house occupied by the husband and wife, such property is considered as being in the possession of the husband, and under his control. *Odell v. Lee*, 14 Iowa, 411. The possession of the person claiming personal property, as against the creditors of his vendor, must be visible, apparent and actual to strangers to the transaction. This has been held in a number of cases. See *Hesser v. Wilson*, 36 Iowa, 152; *Boothby v. Brown*, 40 Id., 104; *Sutton v. Ballou*, 46 Id., 517; *McKay v. Clapp*, 47 Id.,

418; *Smith v. Champney*, 50 Id., 174; *Hickok v. Buell*, 51 Id., 655; *Nuckolls v. Pence*, 52 Id., 581. We cannot believe that any person who might visit the homestead of the plaintiff and her husband, and had full knowledge of the facts as to possession above stated as to the carriage, would reach the conclusion that it was in her actual possession.

Counsel for the plaintiff cite and rely on *Pierson v. Heisey*, 19 Iowa, 114. In that case a father gave his daughter a piano, which was kept in the house occupied by the former, with whom the plaintiff, his daughter, lived. There was no pretense that "the father used the property as his own." Besides this, the question before the court in that case was whether the court erred in refusing certain instructions asked which are set out.

If, as we have held, the plaintiff was not in the actual possession of the carriage, it necessarily follows that she was not in possession of the other property.

II. The defendants became the creditors of D. T. McAfee after he gave the property to the plaintiff, and therefore it is claimed that he is not an existing creditor within the meaning of the statute. But in *Fox v. Edwards*, 38 Iowa, 215, it was held that the term "existing creditors" cannot be limited to those only who were creditors when the invalid sale was made. "It continues to be invalid until the possession is changed, the instrument recorded, or notice given; and any creditors becoming such while the invalidity continues, are, as to that sale, existing creditors."

As the plaintiff's ownership of the property was not evidenced by a written instrument acknowledged and filed for record, as the statute requires, we are of the opinion that the court erred in rendering judgment for the plaintiff.

REVERSED.