## HORSLEY v. HAIRSINE.

Sale of Colts: DELIVERY AND POSSESSION : SUBSEQUENT PURCHASER : QUESTION FOR JURY. In order that a purchase of personal property, without a recorded bill of sale, may be good as against a subsequent purchaser from the same vendor, the first purchaser must have such possession as is visible, apparent and actual to strangers to the transaction. (Compare *McAfee v. Busby*, 69 Iowa, 328.) In this case, *held* that the circumstances, as shown by the evidence ( for which see opinion ), did not, as matter of law, show such possession on the part of defendant, who was the first purchaser, and that the question should have been submitted to the jury.

*Appeal from Harrison District Court.*—HON. CHARLES H. LEWIS, Judge.

FILED, FEBRUARY 4, 1889.

ACTION for the recovery of specific personal property. Verdict and judgment for defendant. Plaintiff appeals.

*Dewell & McGavren,* for appellant.

*F. M. Dance,* for appellee.

REED, C. J.—Plaintiff claimed to have purchased the property in controversy, which is two colts, from one Smith, who claimed to have purchased from defendant's mother. Defendant's claim is that in the spring of 1885, before the colts were foaled, he contracted with his mother for the purchase of them, and that he subsequently paid the price agreed upon to her. There was evidence which tended to establish each of these claims. Mrs. Hairsine had the colts in possession at the time of the sale to Smith, which was in December, 1886. He took possession of them at that time, and when he sold to plaintiff, which was a short time afterwards, he delivered them to him.

The district court instructed the jury, in effect, that the only question for them to determine was whether there was a valid sale of the property by defendant's mother to him, and, if they found for defendant on that question, their verdict should be for him; otherwise they should find for plaintiff. The exceptions taken to the instructions are that they do not make the delivery of the property under defendant's purchase an element of his title as against plaintiff; the argument being that, while the sale as between defendant and his vendor may have been perfectly valid, still, unless it was followed by an actual change of possession, it is of no validity as against a subsequent purchaser without notice. The evidence showed that during the summer of 1885 the mares were in the possession of another son of Mrs. Hairsine, who lived some two miles from her, and that he had the use of them under an arrangement with his mother. In the fall, after the colts were weaned, it was arranged that he should care for all of the animals during the winter; defendant agreeing to pay for the care of the colts. In the following March, he returned them to his mother's farm. The colts were pastured during

the summer, part of the time on the farm, and the balance of the time on the commons in the neighborhood. In the fall Mrs. Hairsine took them up, and as stated above, had them in possession at the time of the sale to Smith. During that summer defendant was absent from the state, and did not return until about the time of Smith's purchase. As to these facts there was no dispute, and the district court must have been of the opinion that they showed a delivery sufficient to charge a subsequent purchaser with notice of defendant's right. But in this we think the court was in error. "The possession of the person claiming personal property as against the creditors of his vendor must be visible, apparent and actual to strangers to the transaction." *McAfee v. Busby*, 69 Iowa, 328, and cases there cited. The same rule applies in the case of a subsequent purchaser. Now, defendant never had the property in his actual possession. That he had a right of possession for many months before the sale to Smith is probably true. And it is true, also, that during part of that time he was in constructive possession. But it cannot be said, as matter of law, that the circumstances with reference to the possession would indicate to a stranger to the transaction, under which he claims, that a change in the ownership of the property had taken place. That question should have been submitted to the jury, and the failure to submit it is prejudicial error.

REVERSED.