## WILLIAM H. WELCH v. A. L. BURDICK, Appellant.

**Estoppel:** DISCOVERY OF FRAUD. A purchaser of a stock of merchandise, under an agreement to pay the cost price, is not estopped to recover damages for the fraud of the seller in marking up the cost price on the goods, because he kept the goods six months and discovered prior to the payment of the purchase price that in one or two cases goods had been put in at a sum greater than the cost price, where the fact that there had been a wholesale marking up was not discovered until after payment had been made.

*Appeal from Calhoun District Court.*— HON. S. M. WEAVER, Judge.

### SATURDAY, JANUARY 30, 1897.

THIS is an action to recover damages for fraud in the sale of a stock of merchandise. In September, 1893, plaintiff entered into negotiations with the defendant for the purchase of a stock of goods belonging to the latter, at Farnhamville, Iowa. On the twenty-first

of that month a written agreement was entered
into by the parties, by the terms of which plaintiff
was to take the goods, "as per invoice, at cost, with
an addition of four and one-half per cent. allowed for
freight." Payment was to be made in land and notes.
The goods were at once invoiced by Burdick and one
Parker, and plaintiff and his son-in-law, Nelson. The
inventory, with freight added, amounted to six thou-
sand six hundred and sixty-seven dollars and thirty-
five cents. Plaintiff took possession of the goods, con-
veyed the land to the defendant, and executed notes,
as agreed, for the balance; and ·the purchase price of
the goods was all paid by the early part of January,
1894, except a note for six hundred dollars, which had
been transferrel by the defendant, and sent to the
bank for collection, and it was soon paid. Plaintiff
claims that the defendant and Parker raised the cost
marks upon said goods so that the plaintiff was cheated
out of two thousand dollars. Defendant denies all
allegations of fraud, or that the cost price of goods
was raised or marked up, and avers that the plaintiff
was in possession of the goods for six months, and
made no complaint, and continued to sell said stock,
and thereby approved and adopted said sale, and is
now estopped. A reply in denial was filed to the
answer. The cause was tried to the court and a jury,
resulting in a verdict and judgment against the defend-
ant for one thousand six hundred and twelve dollars
and fifty cents. Defendant appeals.—*Affirmed.*

*George W. Paine* for appellant.

*Botsford, Healy & Healy* for appellee.

Kinne, C. J.—I. Many questions are discussed
relating to the rulings of the court upon the admis-
sion and rejection of testimony, and to the action·

of the court in refusing to strike out testimony. None of these matters are of such importance as to warrant separate discussion. Some of the complaints are without substantial merit. Others, as appears from the amendment to the abstract, have no foundation. A careful examination of the record satisfies us that none of these rulings. can be said to be prejudicial.

II. At the conclusion of the evidence the defendant moved for a verdict in his favor, because the evidence established an estoppel. The motion was overruled, and error is assigned thereon. The ruling was proper. It appears from the evidence that the fraud was not discovered until after payment had been made for the goods. It is true that prior to that time it was found that, in one or two cases, goods had been put in at a sum greater than the cost price, but the wholesale marking up of the cost price of the goods was not discovered until after the payment had been made. It cannot, therefore, be said that the plaintiff, in view of the knowlege he had, misled the defendant, or in any way, by his acts, induced the defendant to change his position to his detriment. Even if it is a case where an estoppel might be pleaded and established,—a point not decided,—the evidence does not sustain such a plea.

III. After the verdict, the defendant filed a motion for judgment, notwithstanding the verdict, and in arrest of judgment, and for a new trial. This motion was overruled, and these rulings are assigned as error. The grounds of this motion were, in substance, that no fraud or misrepresentation had been shown; that the evidence did not show that the cost marks of the goods had been raised; that the verdict was contrary to the evidence, and was excessive. It is true, the defendant and Parker testified that the cost price of the goods had not been raised, but there

was abundant evidence to show that it had been. It appears, that Burdick & Parker were in the store alone much of the night before the invoice was made. Their presence there is not satisfactorily accounted for. It is established beyond question, that a large portion of the goods sold, had on them two cost marks,—one made by Stringer, who had sold the goods to Burdick, and another made by Burdick, which was, in all cases, higher than Stringer's cost mark. There is no controversy, that goods so marked were invoiced to plaintiff at the cost as indicated by Burdick's mark, and it is clearly shown that Burdick represented to plaintiff that his mark indicated the real cost of the goods. Plaintiff relied upon Burdick, who was experienced in the business. Plaintiff had had no experience. The inventory was so made by Burdick and his friend Parker, that they could not, from it, identify any articles described in it. It was carried off by Parker, and never returned. Burdick, though ordered to produce the original bills for the purchase of the goods, failed and refused so to do. The Burdick cost mark was from thirty-three to fifty per cent. higher than the actual cost of the goods. We shall not attempt to enter into an elaborate discussion of this question of fraud practiced by marking up the goods. One cannot read the evidence in this case without being forced to the conclusion that this defendant and Parker perpetrated a barefaced swindle, and attempted to execute it so that little evidence could be found against them. This record is full of facts which go to show that the plaintiff was victimized. The verdict was fully warranted by the evidence, and none other could properly have been returned. Nor can it be said that it was excessive.—AFFIRMED