ESTHER RANKIN, Appellee, v. HERMAN L. SCHULTZ and H. C. SCHULTZ, Appellants.

**Fraudulent conveyances:** NOTICE TO CREDITORS: BURDEN OF PROOF: EVIDENCE. No transfer of personal property where the vendor retains the actual possession is valid, as against existing creditors without notice, except by a written instrument signed, acknowledged and recorded as provided by Code, section 2906: and the burden of proving actual notice to creditors is upon those claiming by virtue of the alleged transfer. Evidence held to show that a claimed transfer of a stock of drugs by a son to his father, in satisfaction of a mortgage indebtedness, was with the intent to hinder and delay plaintiff in the enforcement of a claim for injuries resulting from a careless sale of drugs.

**Same:** ACTION TO ENFORCE JUDGMENT: EQUITABLE LIEN. The commencement of an equitable action to subject property to the satisfaction of a judgment, and service of notice with a copy of the petition on the person holding or controlling the property, creates a lien which is sufficient basis for an application of Code, section 2906, relating to the transfer of personal property.

**Same:** ELECTION OF REMEDIES. A judgment plaintiff is not confined in the enforcement of the judgment to the legal remedy of levying an execution upon property subject to a mortgage, but may challenge both the mortgage and a pretended transfer of the property, if he so elects, by an equitable action under the statute; and in bringing such action is not required to give bond.

**Same:** APPOINTMENT OF RECEIVER. Where it appeared that the judgment defendant was insolvent, that he had attempted a fraudulent transfer of the stock of goods to his father, of which he was in possession and upon which plaintiff had a lien, and that both he and his father were drawing money from the business, the appointment of a receiver in an action to subject the property to the judgment was proper.

**Same:** PRIOR LIENS: APPLICATION OF PAYMENTS. Where a son gave his father a mortgage upon his stock of goods and thereafter sold the stock to him in satisfaction of the mortgage, retaining, however, the possession and management of the business, upon the setting aside of the sale at the suit of a judgment creditor of the son, the amounts drawn from the business by the son while in possession for his father, as contended, were properly credited by the court on the mortgage indebtedness, in the absence of proof that they were used for any other purpose.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

MONDAY, NOVEMBER 23, 1908.

REHEARING DENIED THURSDAY, MARCH 18, 1909.

SUIT in equity to subject certain personal property to the payment of a judgment held by plaintiff against Herman L. Schultz, to set aside a mortgage upon said goods held by H. C. Schultz, for the appointment of a receiver, and for other equitable relief. The trial court refused to set aside the mortgage, but directed a sale of the property, and out of the proceeds ordered the receiver to first pay the amount found due on the mortgage, and the remainder upon plaintiff's judgment. Defendants appeal.—*Affirmed.*

*J. H. Scales,* for appellants.

*Nagle & Nagle* and *R. W. Birdsall,* for appellee.

DEEMER, J.—The action is a creditor's bill, or rather an equitable levy upon a drug stock in the town of Belmond to subject the same to the payment of a judgment held by plaintiff against defendant Herman L. Schultz. It appears from the testimony that defendant, Herman L. Schultz, acquired a one-half interest in a certain drug stock and business in the town of Belmond some time in the year 1904. At that time the stock was invoiced at something like $7,800. In December of the year 1905 this defendant purchased the half interest owned by his partner Kenefick, and thenceforth, and until September 28, 1906, conducted the business in his own name. Some time in May, 1906, plaintiff applied to defendant Herman Schultz for some spirits of camphor, and by mistake this defendant gave her carbolic acid instead. Not knowing of the error, plaintiff used the acid with disastrous results. She commenced suit for damages early in September of the year 1906, but defendant Herman Schultz was made aware of her injuries shortly after they were received. Judgment was rendered in plaintiff's favor for the sum of $1,500 on December 20, 1906. Herman L. Schultz is a son of H. C. Schultz, and it appears that the father furnished most of the money for the purchase of the drug stock, taking the son's notes therefor, one for $3,895, dated September 21, 1904, which it is claimed was paid by other notes dated August 20, 1906, one for $1,000, one for $900, and another for $3,000. These latter notes were secured by a chattel mortgage upon the drug stock and business under date August 20, 1906. The last-mentioned notes matured November 1, 1906, May 1, 1909, and January 1, 1908. The chattel mortgage was duly recorded. Afterward, and on Sept. 28, 1908, defendants, father and son, entered into a written agreement by the terms of which Herman L. sold and transferred the business and

stock of drugs to his father, H. C. Schultz, in payment of the notes and chattel mortgage aforesaid. This agreement also provided that:

In consideration of a sale and transfer of the stock of drugs and the drug business at Belmond, Iowa, by H. L. Schultz to H. C. Schultz in virtue and in satisfaction of a chattel mortgage thereon executed by the said H. L. Schultz to the said H. C. Schultz, it is agreed by the parties hereto, that the said H. L. Schultz shall clerk for and manage said drug stock business at Belmond, Iowa, for and on behalf of the said H. C. Schultz and in his name and buy stock when instructed to do so, to replenish said stock of drugs, and account to said H. C. Schultz for any and all sales made and moneys received, and render an accurate account of such business to said H. C. Schultz showing the aggregate receipts and disbursements, at the end of every quarter—three months period—or monthly when required. He shall conduct the said business carefully and avoid any liability to the said H. C. Schultz for or on account of the conduct of said business, which he hereby agrees to indemnify him against. The said H. L. Schultz may, with the consent of the said H. C. Schultz, employ a competent clerk to aid him in the conduct of said business whose salary or compensation shall be paid from the receipts of said business. It is further agreed between the parties hereto that the said H. L. Schultz shall receive as compensation for his services as proprietory manager of said business one-third of the net proceeds after deducting all expenses and liabilities thereof, to be paid to him at the period of accounting to the said H. C. Schultz, as required herein.

It was never recorded and no actual physical change was made in the possession of the goods at any time thereafter. From the time the agreement was made the business was conducted in the name of H. C. Schultz & Co., Herman L. Schultz being, as he said, the company. It is claimed by defendant that the business was so conducted in order to save a permit issued to Herman L. There was, as we have said, no actual or visible change made in the possession

or tne goods or in the conduct of the business, although there was a change in the name of the firm, as above indicated. Plaintiff commenced this action on December 26, 1906, the petition being filed December 27 and the original notice being served upon H. C. Schultz on January 5, 1907.

It appears that since January 1, 1907, defendant Herman Schultz has drawn out of the business something like $556, and that since the making of the contract of sale H. C. Schultz has drawn out $1,088. The trial court held the mortgage to H. C. Schultz valid, but decreed the sale fraudulent and void. It also made an accounting of the amount due on the mortgage indebtedness, finding it to be $3,391.28, with 6 per cent. interest from May 1, 1907, declared this to be a first lien upon the goods, established a second lien on the goods in plaintiff's favor to the amount of her judgment with interest, appointed a receiver, and directed a sale of the goods to pay these liens. Plaintiff did not appeal; but defendants did, and are here challenging the correctness of the decree in so far as it is adverse to them. In view of this record we can not do more for plaintiff than affirm the judgment. Defendants' appeal, however, presents for our consideration several propositions which we shall consider in the order in which they are discussed in counsel's brief.

It is contended that the sale of the drug stock and business was and is valid, and should have been sustained. The trial court found it to be fraudulent, in that it was made with intent to hinder, delay and de-

1. FRAUDULENT CONVEYANCES: notice to creditors: burden of proof: evidence.

fraud creditors, and counsel also contend that it was fraudulent because the instrument was not recorded, and no visible and outward change was made in the possession. To meet this last proposition it is contended for appellants that no such issue was raised by the pleadings. This is a mistake, however. The pleadings do tender this exact issue.

But, aside from this, we think the trial court was justified in finding the transaction fraudulent, in that it was an attempt to hinder or defeat the plaintiff in the collection of her claim. The notes had none of them matured when the pretended sale was made. If it were a sale, no reason is given for transforming a mortgage into a sale so short a time after it was given, and at a time when no other necessity appears, save that plaintiff was likely to obtain judgment in her suit already commenced. For some reason the chattel mortgage was not recorded until September 20, and the secret transfer of the goods was made within eight days thereafter. No notice was given to any one of this transfer, and no one save the parties seem to have had any knowledge thereof until about the time of the trial of this case in the district court. By section 2906 of the Code it is provided that no sale of personal property, where the vendor retains actual possession, is valid, against existing creditors without notice, unless a written instrument conveying the same is executed, acknowledged, and filed for record with the recorder of the county. This statute seems to be very plain, and has many times been construed by this court. See *McAfee v. Busby,* 69 Iowa, 328; *King v. Wallace,* 78 Iowa, 221; *Martin v. Lesan,* 129 Iowa, 573; *Peycke v. Hazen,* 119 Iowa, 641. There is no claim that plaintiff had any notice of the alleged transfer, and the burden was upon defendants to show that fact if it existed. *Martin v. Lesan, supra.*

Appellants cite some cases, most of which were decided under section 2925 of the Code, relating to sales of real estate which are manifestly not in point. In this connec-

2. SAME: action to enforce judgment: equitable lien.

tion it is argued that plaintiff did not acquire a lien upon the property before notice of the sale, and that she can not take advantage of the statute. But this is not true. An execution was levied upon the stock before any notice was brought home to plaintiff of the alleged sale. More-

over, even if this were not the case, this action itself constituted an equitable levy, and was fully justified under sections 4087 and 4089 of the Code. The latter section provides that a lien shall be created from the time of the service of a notice and copy of the petition on the defendant holding or controlling the property. This is what is known as an equitable levy; and, when made, it is sufficient basis for the application of section 2906. Such proceedings as this have heretofore been recognized in this court. *Hirsch v. Israel,* 106 Iowa, 498; *McKee v. Murphy,* 138 Iowa, 322.

Defendants contend that plaintiff had a full, speedy, and adequate remedy at law, under sections 3979 *et seq.,* providing for levies of execution upon mortgaged property,

3. SAME: election of remedies.

and insist that an action in equity will not lie, and that in any event the trial court should have required a bond from her, as provided in section 3988. We regard these statutes as cumulative, and that it was for plaintiff to elect her remedy. She might prefer to challenge both the mortgage and the sale by equitable proceedings, under section 4087 *et seq.,* or by equitable levy rather than by proceedings under the statutes with reference to levies upon mortgaged property. She evidently did so elect, and there is no provision of law requiring her to give bond in such cases. See, as supporting these views, *O'Brien v. Stambach,* 101 Iowa, 40; *Welch v. Burdick,* 101 Iowa, 70.

Again it is contended that it was error for the court to appoint a receiver. The testimony shows that Herman L. Schultz is insolvent; that he has at all times been in

4. SAME: appointment of receiver.

possession of the goods; that since the commencement of this suit he has drawn a considerable amount from the business; that the father also drew out money on the day the notice was served upon the son. The pretended sale by son to father was manifestly fraudulent; and, plaintiff's lien having

been established, it was necessary that the goods be sold by someone in order to satisfy this lien. That could best be accomplished by a receiver, and there was no error in the decree providing for the appointment of such an officer. The receiver was ordered to give bond, and of this no complaint is made. By turning again to the statutes under which this proceeding was instituted, it will be observed that they make no provision for a bond pending the litigation. Possession of the property is not disturbed in such cases, and no bond seems to be necessary until the property is placed in the hands of a receiver. When the character of the proceeding is once determined to be an equitable levy, as must be the case here, the questions presented are not difficult of solution.

Something is said regarding the credits which the trial court found should be made upon the mortgage indebtedness. There is no doubt about the amounts stated having 5. SAME: been withdrawn from the business; but de- prior liens: fendants insist that, in so far as they were application of payments. drawn out by Herman Schultz, they did no more than maintain the business, and were thought the necessary expenses of keeping it going. This, though, has no other foundation than surmise. It is not supported by any testimony; and, in the absence of proof, the amount so drawn while Herman was in possession, as he says, for his father, should be credited on the indebtedness. It was his duty to do this. and we must, in the absence of proof, presume that he did his duty. As plaintiff did not appeal, we can not modify the decree in her favor. Defendants suffered no prejudice from the order allowing credits.

We have gone over the record with care, and discover no error. The decree is therefore *affirmed.*